ACCEPTED
14-15-00747-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
12/30/2015 12:07:20 PM
CHRISTOPHER PRINE
CLERK

**In The**

**Fourteenth Court of Appeals**
_____

**NO. 14-15-00747-CV**
_____

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
12/30/2015 12:07:20 PM
CHRISTOPHER A. PRINE
Clerk

**W. GARRY WALDROP DDS, INC. D/B/A LIFETIME DENTAL CARE,**
**Appellant**

**V.**

**GREGORY PHAM, JOHN MA AND RAYMOND DAO,**
**Appellees.**

**From Cause No. 201521720; 151st Judicial District Court**
**Harris County, Texas**

---

**BRIEF OF APPELLANT W. GARRY WALDROP DDS, INC.**
**D/B/A LIFETIME DENTAL CARE**

---

ZIMMERMAN, AXELRAD,
MEYER, STERN & WISE, P.C.

Jennifer S. Wilson
State Bar No. 21697500
3040 Post Oak Blvd., Suite 1300
Houston, Texas  77056
713.552.1234
713.963.0859 (FAX)
E-mail: jwilson@zimmerlaw.com

ATTORNEYS FOR W. GARRY
WALDROP DDS, INC. D/B/A
LIFETIME DENTAL CARE

# IDENTITY OF PARTIES AND COUNSEL

In order that members of this Court may determine disqualification and recusal under Rule 38.1(a) of the Texas Rules of Appellate Procedure, Real Parties In Interest certify that the following is a complete list of parties, attorneys and other parties who may have an interest in the outcome of this proceeding:

Defendant/Appellant:   W. Garry Waldrop DDS, Inc. d/b/a Lifetime
           Dental Care
           c/o Jennifer S. Wilson
           Zimmerman, Axelrad, Meyer, Stern & Wise, P.C.
           3040 Post Oak Blvd., 1300
           Houston, Texas 77056
           713.552.1234
           713.963.0859 (FAX)

Plaintiffs/Appellees:    Gregory Pham, John Ma and Raymond Dao
           Ned Gill, III
           Gill, Revack, Samaan & Muller, LLP
           6575 West Loop South, Suite600
           Bellaire, Texas  77401
           713.271.8282
           713.271.2112 (FAX)

Presiding Judge:     Honorable Mike Engelhart
           151st Judicial District Court of Harris County
           201 Caroline, 11th Floor
           Houston, Texas 77002
           713.368.6222

           */s/ Jennifer S. Wilson*
           Jennifer S. Wilson

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.........................................................ii

INDEX OF AUTHORITIES................................................................................v

I.  ISSUES PRESENTED...................................................................................1

   Issue No. 1:  Lifetime has the right to a restricted appeal. ................................1

   Issue No. 2: The Trial Court erred in entering judgment against Lifetime because the record shows that that there was not strict compliance with the Texas Rules of Civil Procedure governing service of citation. ..........................1

   Issue No. 3: The Trial Court erred in entering judgment against Lifetime because the record shows that the evidence was legally or alternatively factually insufficient to support an award of damages. ...................................2

   Issue No. 4:  The Trial Court erred in entering judgment against Lifetime because the record shows that the evidence was legally or alternatively factually insufficient to support an award of attorneys' fees. ..........................2

II.  STATEMENT OF THE CASE .....................................................................2

III. STATEMENT OF FACTS .............................................................................3

IV. SUMMARY OF THE ARGUMENT ..............................................................4

V.  STANDARD OF REVIEW............................................................................4

VI. ARGUMENT AND AUTHORITIES ............................................................4

   Issue No. 1 Restated:     Lifetime has the right to a restricted appeal. .............4

   Issue No. 2 Restated: The Trial Court erred in entering judgment against Lifetime because the record shows that that there was not strict compliance with the Texas Rules of Civil Procedure governing service of citation. ..........6

   Issue No. 3 Restated: The Trial Court erred in entering judgment against Lifetime because the record shows that the evidence was legally or alternatively factually insufficient to support an award of damages. ...........10

   Issue No. 4 Restated:  The Trial Court erred in entering judgment against Lifetime because the record shows that the evidence was legally or alternatively factually insufficient to support an award of attorneys' fees. .15

**VII. CONCLUSION** ..................................................................................**16**

**VIII. PRAYER**...........................................................................................**16**

**APPENDIX** .................................................................................................**19**

# INDEX OF AUTHORITIES

**CASES**

*Aetna Ins. Co. v. Klein,* 325 S.W.2d 376 (Tex. 1959) ...............................................12

*Alexander v. Lynda's Boutique,* 134 S.W.3d 845 (Tex. 2004).............................5, 6

*B&W Sup. v. Beckman,* 305 S.W.3d 10 (Tex. App. – Houston [1st Dist.] 2009, pet. denied).................................................................................................11

*Bannigan v. Market Street Developers, Ltd.,* 766 S.W.2d 591 (Tex. App. – Dallas 1989, no writ) .............................................................................................10

*Barker CATV Const., Inc. v. Ampro, Inc.,* 989 S.W.2d 789 (Tex. App. – Houston [1st Dist.] 1999, no pet.).................................................................................9

*Benefit Planners, L.L.P. v. RenCare, Ltd.,* 81 S.W.3d 855 (Tex. App. – San Antonio 2002, pet. denied) ................................................................................7

*Brown-McKee, Inc. v. J.F. Bryan & Assocs.,* 522 S.W.2d 958 (Tex. App. – Texarkana 1975, no writ) ....................................................................................7

*Cain v. Bain,* 709 S.W.2d 175 (Tex. 1986) .............................................................11

*Cates v. Pon,* 663 S.W.2d 99 (Tex. Civ. App. – Houston [14th Dist.] 1983, writ ref'd n.r.e.)..................................................................................................6

*Chesney v. Buddrus,* 1988 WL 34838, at *1 (Tex. App. – Houston [1st Dist.] April 14, 1988, no writ)(not designated for publication) ......................................9

*City of Keller v. Wilson,* 168 S.W.3d 802 (Tex. 2005)............................................10

*Dallas Railway and Terminal Co. v. Bankston,* 51 S.W.2d 304 (Tex. 1932) .........12

*Genender v. USA Store Fixtures, LLC,* 451 S.W.3d 916 (Tex. App. – Houston [14th Dist. 2014, no pet.)..................................................................................16

*General Elec. Co. v. Falcon Ridge Apartments, Joint Venture,* 811 S.W.2d 942 (Tex. 1991)................................................................................................5

*Hercules Concrete Pumping Serv. v. Bencon Mgmt. & Gen. Contracting Corp.,* 62 S.W.3d 308 (Tex. App. – Houston [1st Dist.] 2001, pet. denied) .....................7

*Industrial Models, Inc. v. SNF, Inc.,* 2014 WL 3696104, at *4 (Tex. App. – Fort Worth, July 24, 2014, no pet.)........................................................................9

*Intercontinental Group P'ship v. KB Home Lone Star L.P.,* 295 S.W.3d 650 (Tex. 2009)..................................................................................................15

*Jackson v. Gutierrez,* 77 S.W.3d 898 (Tex. App. – Houston [14th Dist.] 2002, no pet.) .............................................................................................................14

*Lytle v. Cunningham,* 261 S.W.3d 837 (Tex. App. – Dallas 2008, no pet.).............8

*Marquis Acquisitions, Inc. v. Steadfast Ins.,* 409 S.W. 3d 808 (Tex. App. –
Dallas 2013, no pet.) ..............................................................................11

*Mays v. Pierce,* 203 S.W.3d 564 (Tex. App. – Houston [14th Dist.] 2006,
pet. denied) ..........................................................................................14

*Nelson v. Najm,* 127 S.W.3d 170 (Tex. App. – Houston [1st Dist.] 2003,
pet. denied) ..........................................................................................11

*Norman Commc'ns v. Tex. Eastman Co.,* 955 S.W.2d 269 (Tex. 1997)
(per curiam) ............................................................................................6

*North Carolina Mut. Life Ins. Co. v. Whitworth,* 124 S.W.3d 714 (Tex. App. –
Austin 2003, pet. denied) ........................................................................7

*Ortiz v. Avante Ville at Corpus Christi, Inc.,* 926 S.W.2d 608 (Tex. App. –
Corpus Christi 1996, writ denied) ...........................................................8

*Pace Corp. v. Jackson,* 284 S.W.2d 340 (Tex. 1955) ....................................13

*Polansky v. Berenji,* 393 S.W.3d 362 (Tex. App. – Austin 2012, no pet.) .............15

*Primate Constr., Inc. v. Silver,* 884 S.W.2d 151 (Tex. 1994)(per curiam) ..............6

*Prudential Ins. Co. of America, Inc. v. Black,* 572 S.W.2d 379 (Tex. Civ. App.—
Houston [14th Dist.] 1978, no writ) ........................................................12

*Qadurra v. Indo-European Foods, Inc.* 141 S.W.3d 882 (Tex. App. –
Dallas 2004, pet. denied) ......................................................................14

*Ramsey v. Jones Enterprises.,* 810 S.W.2d 902 (Tex. App. – Beaumont 1991,
writ denied) ..........................................................................................12

*Santex Builders, LLC v. Guefen Constr., LLC,* 2009 WL 4810286, at *4
(Tex. App. – Houston [14th Dist.], December 15, 2009,  no pet.) .......................10

*Scucchi v. Woodruff,* 503 S.W.2d 356 (Tex. Civ. App. – Fort Worth 1973,
no writ) ..................................................................................................9

*Union Pacific R. Corp. v. Legg,* 49 S.W.3d 72 (Tex. App. – Austin 2001,
no pet.) .................................................................................................10

*Upham v. Boaz Well Serv., Inc.,* 357 S.W.2d 411 (Tex. Civ. App. –
Fort Worth 1962, no writ) ........................................................................9

*Uvalde Country Club v. Martin Linen Supply Co., Inc.,* 690 S.W.2d 884
(Tex. 1985) ..........................................................................................6, 8

*Verlander Enter, Inc. v. Graham,* 932 S.W.2d 259 (Tex. App. – El Paso 1996,
no writ) ..................................................................................................9

*Wachovia Bank v. Gilliam,* 215 S.W.3d 848 (Tex. 2007) .........................................6

*Whitaker v. Rose*, 218 S.W.3d 216 (Tex. App. – Houston [14[th] Dist.] 2007,
   no pet.) ..........................................................................................14
*White v. Bath,* 825 S.W.2d 227 (Tex. App. – Houston [14[th] Dist.] 1992,
   writ denied) ....................................................................................12
*Wilson v. Dunn,* 800 S.W.2d 833 (Tex. 1990)........................................10

**RULES**

Tex. R. App. P. 26.1(c) and 30 ...............................................................5
Tex. R. App. P. 30....................................................................................5
Tex. R. App. P. 9.4(i) ............................................................................18
Tex. R. Evid. 1002 .................................................................................12

**STATUTES**

Tex. Civ. Pr. & Rem. Code § 38.001 (1) and (8)...................................15
Tex. Civ. Pr. & Rem. Code § 38.001 et seq...........................................15
Tex. Civ. Pr. & Rem. Code § 38.002(2) ................................................16

## ABBREVIATIONS AND RECORD REFERENCES

"C.R."          followed by a number refers to the Clerk's Record filed in this case.

"Supp. C.R."    refers to a document which has been requested but not yet signed by the Court, and which may be contained within a Supplemental Clerk's Record.

"R.R."          followed by a page number refers to that certain page of the Reporter's Record taken on June 29, 2015.

**Fourteenth Court of Appeals**
_____

**NO. 14-15-00747-CV**
_____

**W. GARRY WALDROP, DDS, INC. D/B/A LIFETIME DENTAL CARE,**
**Appellant**

**V.**

**GREGORY PHAM, JOHN MA AND RAYMOND DAO,**
**Appellees.**

**From Cause No. 201521720; 151st Judicial District Court**
**Harris County, Texas**

---

**BRIEF OF APPELLANT W. GARRY WALDROP DDS, INC.**
**D/B/A LIFETIME DENTAL CARE**

---

TO THE HONORABLE FOURTEENTH COURT OF APPEALS:

COMES NOW W. GARRY WALDROP, DDS, INC. D/B/A LIFETIME

DENTAL CARE ("Lifetime"), Appellant herein, and files its Brief.

## I.    ISSUES PRESENTED

**Issue No. 1:  Lifetime has the right to a restricted appeal.**

**Issue No. 2: The Trial Court erred in entering judgment against Lifetime because the record shows that that there was not strict compliance with the Texas Rules of Civil Procedure governing service of citation.**

**Issue No. 3: The Trial Court erred in entering judgment against Lifetime because the record shows that the evidence was legally or alternatively factually insufficient to support an award of damages.**

**Issue No. 4: The Trial Court erred in entering judgment against Lifetime because the record shows that the evidence was legally or alternatively factually insufficient to support an award of attorneys' fees.**

## II.    STATEMENT OF THE CASE

The underlying action was brought by Gregory Pham, John Ma and Raymond Mao ("Plaintiffs"), the Appellees herein, against W. Garry Waldrop, DDS, Inc. d/b/a Lifetime Dental Care ("Lifetime"), the Appellant. The suit alleged fraud and breach of contract arising from an employment relationship between the Plaintiffs and Lifetime.   (C.R. at 3-8).

No answer was filed by Lifetime and on July 1, 2015, after conducting an evidentiary hearing, the trial court granted default judgment against Lifetime in the aggregate amount of $111,100.00, plus pre-judgment and post-judgment interest and attorneys' fees. (C.R. at 19-20).

Lifetime did not participate in any proceeding before the trial court prior to the entry of the default judgment on July 1, 2015.  Further, Lifetime did not file any post-judgment motions or request for findings of fact and conclusions of law. (See docket omissions (Supp. C.R. at 8-10).

2

On September 1, 2015, Lifetime timely filed its notice of restricted appeal with the district clerk. (C.R. at 23-25).

### III. STATEMENT OF FACTS

Upon filing of the underlying action by Plaintiffs, Citation was issued to Lifetime requesting service on Lifetime at Lifetime's principal office at 970 South Fry Road, Kay, Texas 77450. (C.R. at 9). The citation was issued on April 15, 2015 and was received by Plaintiffs' private process server on April 17, 2015. (C.R. at 9). The return of service indicate that service was accomplished by delivery to "W. Garry Waldrop, DDS, d/b/a Lifetime Dental Care, defendant, in person," on April 20, 2015. (C.R. at 9).

On May 19, 2015, Plaintiffs filed their Motion for Default Judgment (C.R. at 10-16) and on June 29, 2015, the trial court conducted an evidentiary hearing. Plaintiffs each testified that they had entered into a written agreement with Lifetime, that they were to receive twenty-five percent (25%) of production and that they had not been paid. (R.R. at 7, 8, 10, 12). Appellee Pham testified that his damages were $58,343.00. (R.R. at 8). Appellee Ma testified that his damages were $19,462.00. (R.R. at 10). Appellee Dao testified that his damages were $26,759.00. (R.R. at 12, 13).

Plaintiffs' attorney, Ned Gill, III, testified that the attorneys' fees incurred by Appellee Pham were $1,600.00; the attorneys' fees incurred by Appellee Ma

3

were $1,600.00 and the attorneys' fees incurred by Appellee Dao were $1,600.00. (R.R. at 14).

## IV. SUMMARY OF THE ARGUMENT

The judgment entered by the trial court was invalid because the record shows that there was not strict compliance with the Texas Rules of Civil Procedure governing service of citation. In addition, the record further indicates that Appellees' claim for breach of contract was factually or legally insufficient to support an award of damages in that the trial court incorrectly considered hearsay evidence of written agreements upon which Appellees' claims are based. The record further shows that Appellees' damages were at a minimum based upon speculation and were not properly supported by evidence appropriately segregating the categories of damages. Further, the pleadings and evidence were either legally or factually insufficient to support an award of attorneys' fees.

## V. STANDARD OF REVIEW

This is a restricted appeal and, as such, the review is based upon error appearing on the face of the record. No presumption exists in favor of the actions in the trial court.

## VI. ARGUMENT AND AUTHORITIES

**Issue No. 1 Restated:      Lifetime has the right to a restricted appeal.**

A restricted appeal is a procedural device available to a party who did not participate, either in person or through counsel, in a proceeding that resulted in a judgment against the party. Tex. R. App. P. 30. It constitutes a direct attack on a default judgment. *Id.; General Elec. Co. v. Falcon Ridge Apartments, Joint Venture,* 811 S.W.2d 942, 943 (Tex. 1991). A party filing a restricted appeal must demonstrate the following elements: (1) appellant appealed within six months of the date the judgment was rendered; (2) the appellant was a party to the suit; (3) the appellant did not participate in the hearing that resulted in the judgment complained of; (4) the appellant did not timely file a post-judgment motion, request for findings of fact and conclusions of law or a notice of appeal by the time permitted by Rule 26.1(c) of the Texas Rules of Appellate Procedure; and (5) error appears on the face of the record. *See,* Tex. R. App. P. 26.1(c) and 30; *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex. 2004).

In this case, Lifetime appealed within six months after the July 1, 2015 default judgment was entered by filing its Notice of Restricted Appeal on September 2, 2015. Lifetime was a party to the underlying suit and did not participate in the default judgment hearing that resulted in judgment being entered against it. (R.R. 2, 4). Lifetime did not file any post-judgment motions or request findings of fact or conclusions of law. (Supp. C.R. at 8-10). Error appears on the

5

face of the record as will be more fully briefed and discussed below. There is no dispute that Lifetime meets all requirements for a restricted appeal.

**Issue No. 2 Restated: The Trial Court erred in entering judgment against Lifetime because the record shows that that there was not strict compliance with the Texas Rules of Civil Procedure governing service of citation.**

If proper service in compliance with the Texas Rules of Civil Procedure is not affirmatively shown, there is error on the face of the record. *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 153 (Tex. 1994)(per curiam). For purposes of the restricted appeal, the face of the record consists of all of the papers on file, including the reporter's record, at the time that judgment is entered. No extrinsic evidence may be considered. *Norman Commc'ns v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex. 1997)(per curiam); ); *Alexander v. Lynda's Boutique,* 134 S.W.3d at 848-49.

When a default judgment is challenged by restricted appeal, there are no presumptions in favor of valid service. *Wachovia Bank v. Gilliam,* 215 S.W.3d 848 (Tex. 2007); *Uvalde Country Club v. Martin Linen Supply Co., Inc.,* 690 S.W.2d 884, 885 (Tex. 1985); *Cates v. Pon,* 663 S.W.2d 99, 102 (Tex. Civ. App. – Houston [14th Dist.] 1983, writ ref'd n.r.e.) Service of process was deficient in this case and the error is apparent from the face of the record because the return of citation reflects delivery on a person or entity other than W. Garry Waldrop, its registered agent as stated in Plaintiffs' Original Petition. Instead, the return shows

6

service on "W. Garry Waldrop, DDS (d/b/a Lifetime Dental Care), defendant, in person," which leads to confusion over whether service was attempted on the corporate entity, which is doing business as Lifetime Dental Care, or W. Garry Waldrop, the individual, who is not doing business as Lifetime Dental Care. In either case, the return does not affirmatively show that the person served was the defendant or was an individual authorized to accept service on behalf of the corporate defendant. In addition, there is a fatal discrepancy between the corporate defendant to whom the citation was issued and the name of the purported "defendant" identified in the return. The return, therefore, is invalid. *Benefit Planners, L.L.P. v. RenCare, Ltd.,* 81 S.W.3d 855, 861 (Tex. App. – San Antonio 2002, pet. denied)(a return that does not identify the defendant corporation as the entity served is invalid); *Hercules Concrete Pumping Serv. v. Bencon Mgmt. & Gen. Contracting Corp.,* 62 S.W.3d 308, 310-11 (Tex. App. – Houston [1st Dist.] 2001, pet. denied) (the return did not give the complete and correct name of the defendant); *North Carolina Mut. Life Ins. Co. v. Whitworth,* 124 S.W.3d 714, 720 (Tex. App. – Austin 2003, pet. denied) (return omitted "Life" from defendant's name); *Brown-McKee, Inc. v. J.F. Bryan & Assocs.,* 522 S.W.2d 958, 959 (Tex. App. – Texarkana 1975, no writ) (return did not identify the defendant as a corporation as it was identified in the petition and citation).

7

Moreover, where the citation states one name to receive service but the record reflects that the citation was served on a person or entity with a different name, the service of process if fatally defective. In this case, citation was issued to W. Garry Waldrop DDS Inc. (d/b/a Lifetime Dental Care) and was served on W. Garry Waldrop DDS, with no indication of corporate existence. *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d at 885 (delivering citation to "Henry Bunting" ineffective when petition alleges that registered agent is "Henry Bunting, Jr."); *Lytle v. Cunningham,* 261 S.W.3d 837, 840-41 (Tex. App. – Dallas 2008, no pet.) (holding service invalid when citation identifies "Mr. Chris Lytle" but return indicates delivery on "Christopher Lytle"). While the failure to include the corporate designation "Inc." has been held not to invalidate service,[1] the return in this cannot be fixed merely by inserting the corporate designation after the name of the party served, W. Garry Waldrop DDS, defendant, because there is no further indication that process was served on an ***individual*** with the capacity to accept the petition and citation on behalf of the corporation. This omission distinguishes the instant case from the factual circumstances in *Ortiz v. Avante Ville at Corpus Christi, Inc.,* 926 S.W.2d 608 (Tex. App. – Corpus Christi 1996, writ denied)*,* where the citation and return of service specifically stated that service was to be effected upon the corporate defendant by service on "Pat Wiggins Operations

---

[1] See *Ortiz v. Avante Villa at Corpus Christi, Inc.,* 926 S.W.2d 608, 612 (Tex. App. – Corpus Christi 1996, writ denied).

8

Specialist." No such information is contained in the return of service in this case. The Court is left with the puzzle of who was actually served, the corporation – and, if so, what individual with authority to accept service was served - or the individual – who is not a party? Because the record does not affirmatively demonstrate that Plaintiffs' Original Petition and citation was served on an individual with authority to accept them on behalf of the corporate defendant, Plaintiffs' attempted service is invalid and of no effect. *Barker CATV Const., Inc. v. Ampro, Inc.,* 989 S.W.2d 789, 791 (Tex. App. – Houston [1st Dist.] 1999, no pet.); *Verlander Enter, Inc. v. Graham,* 932 S.W.2d 259, 261 (Tex. App. – El Paso 1996, no writ).

Further, there is no statement in the record that establishes compliance with Rule 108, which requires a sworn statement from the process server that he or she is disinterested in the suit. This omission is fatally defective and mandates reversal of the default judgment. *Chesney v. Buddrus,* 1988 WL 34838, at *1 (Tex. App. – Houston [1st Dist.] April 14, 1988, no writ) (not designated for publication); *Upham v. Boaz Well Serv., Inc.,* 357 S.W.2d 411, 412-13 (Tex. Civ. App. – Fort Worth 1962, no writ); *Scucchi v. Woodruff,* 503 S.W.2d 356, 357-59 (Tex. Civ. App. – Fort Worth 1973, no writ); *Industrial Models, Inc. v. SNF, Inc.,* 2014 WL 3696104, at *4 (Tex. App. – Fort Worth, July 24, 2014, no pet.).

Strict compliance is determined by whether the exact procedural requirements have been met, not whether the intended party received notice of the

lawsuit. *Union Pacific R. Corp. v. Legg,* 49 S.W.3d 72, 77 (Tex. App. – Austin 2001, no pet.). Even actual notice without proper service is not sufficient to convey jurisdiction on the trial court to render default judgment against Lifetime. *Wilson v. Dunn,* 800 S.W.2d 833, 836-37 (Tex. 1990); *Santex Builders, LLC v. Guefen Constr., LLC,* 2009 WL 4810286, at *4 (Tex. App. – Houston [14th Dist.], December 15, 2009, no pet.). Because Plaintiffs did not strictly comply with the rules relating to the issuance of citation, the manner and mode of service and the return of process, the default judgment against Lifetime cannot be sustained. *Bannigan v. Market Street Developers, Ltd.,* 766 S.W.2d 591, 592 (Tex. App. – Dallas 1989, no writ).

**Issue No. 3 Restated: The Trial Court erred in entering judgment against Lifetime because the record shows that the evidence was legally or alternatively factually insufficient to support an award of damages.**

In a legal sufficiency challenge, the appellate court must sustain the challenge if the record shows one of the following (1) a complete absence of a vital fact; (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *City of Keller v. Wilson,* 168 S.W.3d 802, 810 (Tex. 2005). In a restricted appeal, the sufficiency of the evidence may be challenged on the face of the record. In reviewing a factual insufficiency of the record, the appellate court

10

conducts a neutral review of all of the evidence. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986). An appellate court reverses for factual insufficiency only if the ruling is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *Nelson v. Najm,* 127 S.W.3d 170, 174 (Tex. App. – Houston [1st Dist.] 2003, pet. denied).

In order to recover on an action for breach of contract, the plaintiff must provide competent evidence of the following:

a.      There is a valid, enforceable contract.

b.      The plaintiff is a proper party to sue for breach of contract.

c.      The plaintiff performed, tendered performance of, or was excused from performing its contractual obligations.

d.      The defendant breached the contract.

e.      The defendant's breach caused the plaintiff injury.

*B&W Sup. v. Beckman,* 305 S.W.3d 10, 16 (Tex. App. – Houston [1st Dist.] 2009, pet. denied); *Marquis Acquisitions, Inc. v. Steadfast Ins.,* 409 S.W. 3d 808, 813-14 (Tex. App. – Dallas 2013, no pet.). Each of the plaintiffs in this case testified at the default judgment hearing that he had entered into a written contract with Lifetime. (R.R. at 7, 10, 12). Yet no copy of any written agreement appears in the record, either attached to Plaintiffs' Original Petition as an exhibit or introduced

11

into evidence at the hearing on Plaintiffs' Motion for Default Judgment. (C.R. at 3-8),(R.R. at 1-37).

Where, as here, the testimony offered concerns the contents of a writing, the best evidence rule comes into play. Tex. R. Evid. 1002. Plaintiffs each testified to terms of payment contained in the written agreement each had with Lifetime, yet no written contract appears in the record. The best evidence of the terms of compensation and payment contained in the written agreements is the document itself and the trial court erred in admitting hearsay evidence of the Plaintiffs offered to prove the contents of those agreements. *Aetna Ins. Co. v. Klein,* 325 S.W.2d 376, 379-80 (Tex. 1959); *White v. Bath,* 825 S.W.2d 227, 231 (Tex. App. – Houston [14th Dist.] 1992, writ denied); *Prudential Ins. Co. of America, Inc. v. Black,* 572 S.W.2d 379, 380 (Tex. Civ. App.—Houston [14th Dist.] 1978, no writ); *Ramsey v. Jones Enterprises.,* 810 S.W.2d 902, 905 (Tex. App. – Beaumont 1991, writ denied). Moreover, there is a general rule that incompetent evidence, even when admitted without objection, has no probative force and will not support a judgment. *Prudential Ins. Co. of America, Inc.,* 572 S.W. 2d at 379, citing with approval *Dallas Railway and Terminal Co. v. Bankston,* 51 S.W.2d 304, 309 (Tex. 1932).

The absence of competent proof of a critical element of Plaintiffs' breach of contract claim – the existence of a valid, enforceable contract - appears on the record and merits reversal of the trial court's judgment.

Lifetime further contends that the evidence was either legally or factually insufficient evidence to support the award of damages to the Plaintiffs. Plaintiffs' Original Petition clearly states that at the time it was filed Plaintiffs were uncertain whether they had been paid all compensation to which they allege they were entitled and further states that damages will be based, at least in part, on "information known or expected to be known during the course of the case." (C.R. at 4, ¶6; 6, ¶12). The reporter's record certainly does not indicate whether the Plaintiffs, testifying individually as to their alleged damages, were stating an amount that was known as of the date of testimony or whether their testimony on this issue was rank speculation. (R.R. at 7, 8,10, 12, 13).

While Plaintiffs are not foreclosed from a remedy for the lack of the ability to provide mathematical certainty as to the value of their damages, they are required to show that certainty of the *fact* of damages. *Pace Corp. v. Jackson,* 284 S.W.2d 340, 348 (Tex. 1955). There is no such evidence, even minimal, in the record.

Moreover, there was **no** testimony offered by the Plaintiffs that they had performed or tendered performance of any services pursuant to their written

13

contracts. The only evidence on the record that might be construed as some support for this element is the allegation in Plaintiffs' Original Petition that "Plaintiffs provided the services as agreed." (C.R. at 5) Such a conclusory statement is hardly proof of performance.

Plaintiffs have pleaded for damages consisting of (1) loss of income and (2) financial loss. (C.R. at 6, ¶13). The measure of damages for breach of contract is normally compensation for a party's expectation interest in the contract, or "benefit of the bargain" damages. *Mays v. Pierce,* 203 S.W.3d 564, 577 (Tex. App. – Houston [14th Dist.] 2006, pet. denied); *Qadurra v. Indo-European Foods, Inc.* 141 S.W.3d 882, 888-89 (Tex. App. – Dallas 2004, pet. denied). However, "loss of income" and "financial loss," although arguably including benefit of the bargain damages, may also include loss of production, loss of market value, loss of investment and loss of business reputation. There is no attempt by the Plaintiffs in their testimony to segregate each damage element and the trial court did not specify the damage elements it was awarding. There is, therefore, no way for this Court to determine if the trial court has awarded damages for which no evidence was offered or damages that are not allowed by law. Therefore, this Court must reverse the damage award and remand for a new trial. See *Whitaker v. Rose*, 218 S.W.3d 216, 224 (Tex. App. – Houston [14th Dist.] 2007, no pet.); *Jackson v. Gutierrez,* 77 S.W.3d 898, 903-4 (Tex. App. – Houston [14th Dist.] 2002, no pet.).

14

**Issue No. 4 Restated: The Trial Court erred in entering judgment against Lifetime because the record shows that the evidence was legally or alternatively factually insufficient to support an award of attorneys' fees.**

Texas law does not allow recovery of attorneys' fees unless authorized by statute or contract. *Polansky v. Berenji,* 393 S.W.3d 362, 368 (Tex. App. – Austin 2012, no pet.). In order to recover attorneys' fees, a party must plead with specificity the basis for their recovery. Absent express language in a contract or a codified right in a statue, the trial court has no inherent authority to award attorneys' fees. *Intercontinental Group P'ship v. KB Home Lone Star L.P.,* 295 S.W.3d 650 (Tex. 2009).

Plaintiffs' Original Petition does not designate a basis for the award of attorneys' fees, whether they are being sought pursuant to a provision in the absent written contracts between Plaintiffs and Lifetime or whether they are being sought pursuant to Tex. Civ. Pr. & Rem. Code § 38.001 et seq. The pleadings, therefore, do not provide a legal basis for an award of attorneys' fees.

Nor have Plaintiffs established a right to attorneys' fees pursuant to statute. Although Chapter 38 of the Texas Civil Practice and Remedies Code allows for the recovery of attorneys' fees for (1) rendered services, or (2) if the claim is for an oral or written contract, there was no proof offered by the Plaintiffs that they had rendered or tendered performance of services. Tex. Civ. Pr. & Rem. Code § 38.001 (1) and (8). Further, the factual and legal insufficiency of the evidence regarding

Plaintiffs' claims for damages render their claims for attorneys' fees - which are necessarily dependent upon a sustainable award of damages - erroneous and merits reversal of the trial court judgment.

Chapter 38 of the Texas Civil Practice and Remedies Code specifies the bases for recovering attorneys' fees in the absence of an express contractual provision or other statutory authority. Presentment of a claim to the opposing party is required. Tex. Civ. Pr. & Rem. Code § 38.002(2). The record does not reflect that presentment of Plaintiffs' claims to Lifetime was made. *Genender v. USA Store Fixtures, LLC,* 451 S.W.3d 916, 924-28 (Tex. App. – Houston [14th Dist. 2014, no pet.).

## VII.   CONCLUSION

For the reasons stated   herein, Lifetime respectfully requests that the Court reverse the trial court's judgment and remand this matter to the trial court for a new trial, and for such other and further relief at law and in equity to which it is entitled. Further, the Appellant prays that all cost incurred related to this appeal be granted against the Appellees.

## VIII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, W. Garry Waldrop, DDS, Inc. d/b/a Lifetime Dental Care, requests that this Court reverse the trial court judgment

16

and remand the case to the trial court, and for such other relief to which Lifetime may be entitled.

Respectfully submitted,

ZIMMERMAN, AXELRAD,
MEYER, STERN & WISE, P.C.


By:   /s/ Jennifer S. Wilson
    Jennifer S. Wilson
    State Bar No. 21697500
    3040 Post Oak Blvd., Suite 1300
    Houston, Texas 77056
    713.212.2674 (Direct)
    713.552.1234 (Main)
    713.212.2790 (Direct Facsimile)
    jwilson@zimmerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2016, a true and correct copy of Appellant's Brief was served by eFile Texas Website upon the following counsel of record:

Mr. Ned Gill, III
Gill, Revack, Samaan & Muller, LLP
6575 West Loop South, Suite 600
Bellaire, Texas  77401
*Attorneys for Appellees*

/s/ Jennifer S. Wilson
Jennifer S. Wilson

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned certifies that Appellant's Brief complies with the type and volume requirements pursuant to Rule 9 of the Texas Rules of Appellate Procedure:

- This Brief contains 3,360 words, excluding the portion of the Brief exempted under TEX. R. APP. P. 9.4(i);

- This Response has been prepared using Microsoft Word 2010 word-processing software. The typeface is a proportionally spaced typeface using Times New Roman 14 point font (except for footnotes which use a 12 point font)

*/s/ Jennifer S. Wilson*
Jennifer S. Wilson

**In The**

**Fourteenth Court of Appeals**
_____

**NO. 14-15-00747-CV**
_____

**W. GARRY WALDROP DDS, INC. D/B/A LIFETIME DENTAL CARE,**
**Appellant**

**V.**

**GREGORY PHAM, JOHN MA AND RAYMOND DAO,**
**Appellees.**

**From Cause No. 201521720; 151st Judicial District Court**
**Harris County, Texas**

---

**APPENDIX**

---

| | | |
|---|---|---|
| 1. | Final Judgment | C.R. 19-20 |
| 2. | Return of Citation | C.R. 9 |
| 3. | Plaintiffs' Original Petition | C.R. 3-8 |
| 4. | Plaintiffs' Motion for Default Judgment | C.R. 10-16 |
| 5. | Relevant Excerpts from Hearing on Plaintiffs' Motion for Default Judgment, June 29, 2015 | R.R. 1-24 |
| 6. | Trial Court Docket Sheet | Supp. C.R. 8-10 |
| 7. | Notice of Appeal | C.R. 23-25 |

19

8.    Tex. R. App. Proc. 30

9.    Tex. R. App. Proc. 26.1(c)

NO. 2015-21720                                           Pgs-2

| | | | DC |
|---|---|---|---|
| GREGORY PHAM, JOHN MA<br>And RAYMOND DAO<br>Plaintiffs, | § | IN THE DISTRICT   COURT | 5 |
| | § | | |
| | § | | |
| V. | § | 151ST JUDICIAL DISTRICT | |
| | § | | |
| W. GARRY WALDROP, DDS, INC. | § | | |
| d/b/a LIFETIME DENTAL CARE | § | | |
| Defendant. | § | HARRIS COUNTY, TEXAS | |

# FINAL JUDGMENT

At the hearing on this cause, Plaintiffs appeared through their attorney of record. Defendant, although duly cited to appear and answer herein, has failed to file an answer within the time allowed by law.

The Court has considered the pleadings and records on file in this cause and the evidence and is of the opinion that judgment should be rendered for Plaintiffs.

It is accordingly ADJUDGED that GREGORY PHAM, Plaintiff, recover from W. GARRY WALDROP, DDS, INC., d/b/a LIFETIME DENTAL CARE, Defendant, an independent JUDGMENT for-

1.     $  58,343   as the principal amount due to GREGORY PHAM;

2.     $   2,917   as interest on the principal amount to the date of judgment;

3.     $   1,600   as reasonable and necessary attorney's fees;

4.     all taxable costs of court;

5.     post-judgment interest at the rate of five percent per year on the total judgment from the date of judgment until paid.

It is accordingly ADJUDGED that JOHN MA, Plaintiff, recover from W. GARRY WALDROP, DDS, INC., d/b/a LIFETIME DENTAL CARE, Defendant, an independent JUDGMENT for-

1.     $ 19,462   as the principal amount due to JOHN MA;

2.     $  1,462   as interest on the principal amount to the date of judgment;

19

3.   $ 1,600 as attorney's fees;

4.   all taxable costs of court;

5.   post-judgment interest at the rate of five percent per year on the total judgment from the date of judgment until paid.

It is accordingly ADJUDGED that RAYMOND DAO, Plaintiff, recover from W. GARRY WALDROP, DDS, INC., d/b/a LIFETIME DENTAL CARE, Defendant, an independent JUDGMENT for-

1.   $ 26,759 as the principal amount due to RAYMOND DAO;

2.   $ 2,157 as interest on the principal amount to the date of judgment;

3.   $ 1,600 as attorney's fees;

4.   all taxable costs of court;

5.   post-judgment interest at the rate of five percent per year on the total judgment from the date of judgment until paid.

It is ORDERED that each of Plaintiffs' Judgments are independent of the other and each shall have an independent right to have all writs of execution and other process necessary to enforce their respective judgments.

This Final Judgment finally disposes of all parties and all claims and is appealable.

SIGNED on _____.

Signed: *[signature]*
7/1/2015

_____
JUDGE PRESIDING

20

CAUSE NO. 201521720

RECEIPT NO.          0.00     CIV
**********            TR # 73121918

PLAINTIFF: PHAM, GREGORY
    vs.
DEFENDANT: W GARRY WALDROP DDS INC (D/B/A LIFETIME DENTAL CAR

In The  151st
Judicial District Court
of Harris County, Texas
151ST DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

**FILED**
Chris Daniel
District Clerk

APR 21 2015

Time: _____ 9:22
Harris County, Texas
By _____ CC

TO: W GARRY WALDROP DDS INC (D/B/A LIFETIME DENTAL CARE)
    970 SOUTH FRY ROAD  KATY TX 77450

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 15th day of April, 2015, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 15th day of April, 2015, under my hand and seal of said Court.

Issued at request of:
GILL, NED III
6575 WEST LOOP SOUTH, SUITE 600
BELLAIRE, TX 77401
Tel: (713) 271-8282
Bar No.: 7921400

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline    Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: CHAMBERS, WANDA RENE   ULW//10077704

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 4:00 o'clock P .M., on the 17th day of April , 2015.

Executed at (address) 970 South Fry Road, Katy, Texas 77450  in

Harris County at 11:58 o'clock A .M., on the 20th day of April, 2015 , by delivering to W Garry Waldrop DDS (D/B/A) Lifetime Dental Care defendant, in person, a true copy of this Citation together with the accompanying 1 copy(ies) of the Plaintiff's Original Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 21st day of April , 2015.

Fee: $ _____

#11368 Expires 2.28.18

_____ of Harris County, Texas

_____
Affiant

By Tina Stormer
Deputy Process Server

On this day, Tina Stormer , known to me to be the person whose signature appears on the foregoing return, personally appeared . After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 21 day of April , 2015.

_____
Notary Public

KHANG LE
MY COMMISSION EXPIRES
February 11, 2016

N.INT.CITR.P

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

9

# 2015-21720 / Court: 151

NO. _____

| | | |
|---|---|---|
| GREGORY PHAM, JOHN MA and RAYMOND DAO | § § § | IN THE DISTRICT COURT |
| V. | § § | _____ JUDICIAL DISTRICT |
| W. GARRY WALDROP, DDS, INC. d/b/a LIFETIME DENTAL CARE | § § § | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Plaintiffs, GREGORY PHAM, JOHN MA and RAYMOND DAO, by and through their attorney of record, Ned Gill, III; and files this their Original Petition complaining of the unlawful acts of W. GARRY WALDROP, DDS, INC. d/b/a LIFETIME DENTAL CARE and, for cause of action, would respectfully show the Court:

### Discovery Control Plan - Level 2

1. It is GREGORY PHAM, JOHN MA and RAYMOND DAO's intent that discovery in this case be conducted under TEX. R. CIV. P. 190.3, discovery control plan - level 2.

### Parties and Service

2. GREGORY PHAM is an individual who resides in Houston, Harris County, Texas. JOHN MA is an individual who resides in Houston, Harris County, Texas. RAYMOND DAO is an individual who resides in Houston, Harris County, Texas

3. Defendant, W. GARRY WALDROP, DDS, INC. d/b/a LIFETIME DENTAL CARE is a for profit Texas Corporation doing business in the City of Katy, Harris County, Texas and may be served with process by serving its registered agent as listed

3

with the State of Texas: W. GARRY WALDROP at 902 Frostwood, No. 185, Houston, Texas 77024 or anywhere the registered agent or a corporate officer may be located.

## Jurisdiction and Venue

4. This Court has jurisdiction over the Defendant because W. GARRY WALDROP, DDS, INC. d/b/a LIFETIME DENTAL CARE is a Texas Corporation doing business in the City of Katy, County of Harris and State of Texas. The Court has jurisdiction over the controversy because the subject matter in controversy is within the jurisdictional limits of this court.

5. Venue is proper in Harris County, Texas, because the events underlying this lawsuit occurred in Harris County, Texas.

## Factual Background

6. The Plaintiffs were employed as contract dentists for W. GARRY WALDROP, DDS, Inc. d/b/a LIFETIME DENTAL CARE (hereinafter "WALDROP"). The parties entered into agreements; wherein WALDROP agreed with each Plaintiff that each Plaintiff would receive compensation for services provided under the agreement, equaling 25 percent or more of those revenues collected for the services of the Plaintiff-dentist. It is Plaintiffs' information and belief that Plaintiffs were not paid in full the amounts agreed upon by the parties. It is further Plaintiffs' information and belief that Defendant engaged in allowing discounts or fabricating discounts to patients in an effort to conceal collections, thereby reducing the amount WALDROP would be obligated under the agreements to pay Plaintiff-dentists.

## Claim for FRAUD against
## W. GARRY WALDROP, DDS, INC. d/b/a LIFETIME DENTAL CARE.

7. W. GARRY WALDROP, DDS, INC. d/b/a LIFETIME DENTAL CARE

4

concealed or failed to disclose certain facts to the Plaintiffs; W. GARRY WALDROP, DDS, INC. d/b/a LIFETIME DENTAL CARE had a duty to disclose certain facts to Plaintiffs, these facts were material and W. GARRY WALDROP, DDS, INC. d/b/a LIFETIME DENTAL CARE knew or was ignorant or did not have an opportunity to discover the facts; or W. GARRY WALDROP, DDS, INC. d/b/a LIFETIME DENTAL CARE was deliberately silent when it had a duty to speak. Plaintiffs were injured from Defendant's conduct.

### Claim for BREACH OF CONTRACT against
### W. GARRY WALDROP, DDS, INC. d/b/a LIFETIME DENTAL CARE.

8. GREGORY PHAM, JOHN MA and RAYMOND DAO where all contract employees for W. GARRY WALDROP, DDS, INC. d/b/a LIFETIME DENTAL CARE. WALDROP agreed to pay compensation for services provided to WALDROP by GREGORY PHAM, JOHN MA and RAYMOND DAO. Plaintiffs provided the services as agreed, but WALDROP failed to pay to Plaintiffs the full amount of compensation as agreed. As a result of said breach of contract, Plaintiffs have incurred damages and/or financial loss.

### Conditions Precedent

9. All conditions precedent required of claimants under the law have been performed and/or have occurred.

### Attorney Fees

10. GREGORY PHAM, JOHN MA and RAYMOND DAO re-allege and incorporate herein, by reference, the same as if fully copied and set forth at length, the factual allegations set out in the Petition.

11. GREGORY PHAM, JOHN MA and RAYMOND DAO are entitled to attorney fees incurred in the prosecution of this suit, and in the event of a successful appeal of the judgment, GREGORY PHAM, JOHN MA and RAYMOND DAO are entitled to attorney fees for the appeal.

## Damages

12. By reason of the above and foregoing, GREGORY PHAM, JOHN MA and RAYMOND DAO have been damaged in the sum of up to but no more than the maximum Jurisdictional limits of this Court. This amount is based on the current status of the case and the information known or expected to be known during the course of the case. GREGORY PHAM, JOHN MA and RAYMOND DAO reserve the right to adjust this amount as the damages are developed.

13. As a direct or proximate result of the occurrence made the basis of this lawsuit, GREGORY PHAM, JOHN MA and RAYMOND DAO were caused to suffer damage, loss and injury. In addition GREGORY PHAM, JOHN MA and RAYMOND DAO have suffered:

(a) Loss of income;
(b) Financial loss;

## Interest

14. GREGORY PHAM, JOHN MA and RAYMOND DAO would request prejudgment and post-judgment interest at the maximum legal rate compounded daily on both the principal and all penalties from defendants.

## Amendments

6

15. GREGORY PHAM, JOHN MA and RAYMOND DAO specifically reserve the right to amend and plead such other and different points as further discovery is made in this cause of action.

## Jury Trial Demand

16. GREGORY PHAM, JOHN MA and RAYMOND DAO hereby make their demand for trial by jury.

## Prayer for Relief

17. **WHEREFORE, PREMISES CONSIDERED**, GREGORY PHAM, JOHN MA and RAYMOND DAO pray that Defendant, W. GARRY WALDROP, DDS, INC. d/b/a LIFETIME DENTAL CARE be duly cited to appear and answer herein; and that, upon a final trial of this cause, that GREGORY PHAM, JOHN MA and RAYMOND DAO recover:

a. judgment against Defendant for the damages as set forth above, in an amount within the jurisdictional limits of this Court or the maximum amount stated herein;

b. interest on the judgment at the legal rate from date of judgment until paid in full;

c. prejudgment interest from the date of the incident to the date of Judgment on the damages as allowed by law;

d. exemplary damages;

e. costs of court;

f. reasonable and necessary attorney fees; and

7

g. such other and further relief, both general and special, at law or in equity, to which GREGORY PHAM, JOHN MA and RAYMOND DAO may show himself to be justly entitled.

Respectfully submitted,

**GILL REVACK SAMAAN & MULLER, LLP**
6575 West Loop South, Suite 600
Bellaire, Texas 77401
Tel: (713) 271-8282
Fax: (713) 271-2112

By: _____
**NED GILL, III**
State Bar No. 07921400
Attorney for Plaintiffs GREGORY PHAM,
JOHN MA and RAYMOND DAO

8

NO. 2015-21720

| | | |
|---|---|---|
| GREGORY PHAM, JOHN MA<br>And RAYMOND DAO<br>Plaintiffs, | § | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | 151ST JUDICIAL DISTRICT |
| W. GARRY WALDROP, DDS, INC.<br>d/b/a LIFETIME DENTAL CARE<br>Defendant. | §<br>§<br>§ | HARRIS COUNTY, TEXAS |

## MOTION FOR DEFAULT JUDGMENT

**NOW COMES** GREGORY PHAM, JOHN MA and RAYMOND DAO, hereinafter Plaintiffs, and file this Motion for Default Judgment, and in support hereof, shows the court the following:

1.      Plaintiffs filed suit against Defendant, W. GARRY WALDROP, DDS, INC. D/B/A LIFETIME DENTAL CARE on April 15, 2015, seeking damages for fraud and breach of contract.

2.      Defendant, W. GARRY WALDROP, DDS, INC. D/B/A LIFETIME DENTAL CARE, was served with citation on April 17, 2015.   Defendant, W. GARRY WALDROP, DDS, INC. D/B/A LIFETIME DENTAL CARE, has failed to appear or file an answer within the time allowed by law and has wholly made default.   The citation with proof of service of Defendant has been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment.

3.      The following documents are attached to this Motion:

1.      Certificate of Last Known Mailing Address
2.      Nonmilitary Affidavit

WHEREFORE, premises considered, Plaintiffs pray that the Court enter judgment against Defendant, W. GARRY WALDROP, DDS, INC. D/B/A LIFETIME DENTAL CARE; that Plaintiffs recover costs expended in filing this suit; that Plaintiffs recover prejudgment and postjudgment interest; and that Plaintiffs have such other and further relief at law or in equity to which Plaintiffs may be justly entitled.

Respectfully submitted,

**GILL REVACK SAMAAN & MULLER, LLP**

Page 1 of 2

10

6575 West Loop South, Suite 600
Bellaire, Texas 77401
Tel. (713) 271-8282
Fax. (713) 271-2112

By: _____
**NED GILL, III**
Texas Bar No. 07921400
Email:   nedgill3@grslegal.com
Attorney for Plaintiffs

11

NO. 2015-21720

| | | |
|---|---|---|
| GREGORY PHAM, JOHN MA<br>And RAYMOND DAO<br>Plaintiffs, | § | IN THE DISTRICT   COURT |
| | § | |
| | § | |
| V. | § | 151ST JUDICIAL DISTRICT |
| | § | |
| W. GARRY WALDROP, DDS, INC.<br>d/b/a LIFETIME DENTAL CARE<br>Defendant. | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |

## NONMILITARY AFFIDAVIT

**BEFORE ME**, the undersigned authority, on this day personally appeared NED GILL, III, who swore on oath that the following facts are true:

"My name is NED GILL, III.   I am over 18 years of age, of sound mind, and fully competent to make this affidavit.   I have personal knowledge of the facts stated herein and they are all true and correct.

"To the best of my belief and knowledge, W. GARRY WALDROP, DDS, INC., d/b/a LIFETIME DENTAL CARE is not currently in military service and has not been in military service since this suit was filed."

SIGNED on ___5/19/___, 2015.

Respectfully submitted,

**GILL REVACK SAMAAN & MULLER, LLP**
6575 West Loop South, Suite 600
Bellaire, Texas 77401
Tel. (713) 271-8282
Fax. (713) 271-2112

By: _____
**NED GILL, III**
Texas Bar No. 07921400
Email:   nedgill3@grslegal.com
Attorney for Plaintiffs

12

**SUBSCRIBED AND SWORN TO BEFORE ME** on _May 19, 2015_

by _Ned Gill, III_ .

REBECCA SMITH
MY COMMISSION EXPIRES
JANUARY 20, 2019

_Rebecca Smith_
Notary Public, State of Texas

13



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: WALDROP
First Name: WILLIAM
Middle Name: GARRY
Active Duty Status As Of: May-18-2015

| On Active Duty On Active Duty Status Date | | | |
| --- | --- | --- | --- |
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
| --- | --- | --- | --- |
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
| --- | --- | --- | --- |
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

14

5/19/2015 3:21:59 PM
Chris Daniel - District Clerk Harris County
Envelope No. 5344962
By: JIMMY RODRIGUEZ
Filed: 5/19/2015 3:21:59 PM

NO. 2015-21720

| | | |
|---|---|---|
| GREGORY PHAM, JOHN MA And RAYMOND DAO Plaintiffs, | § § § § | IN THE DISTRICT COURT |
| V. | § § | 151ST JUDICIAL DISTRICT |
| W. GARRY WALDROP, DDS, INC. d/b/a LIFETIME DENTAL CARE Defendant. | § § § | HARRIS COUNTY, TEXAS |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that a hearing has been set on the Motion for Default Judgment for **June 29, 2015 at 9:00 a.m.** in the 151st Judicial District Court of Harris County, Texas.

Respectfully submitted,

**GILL, REVACK, SAMAAN & MULLER, LLP**
6575 West Loop South, Suite 600
Bellaire, Texas 77401
Tel. (713)271-8282
Fax (713)271-2112

By: _____
**NED GILL, III**
Texas Bar No. 07921400
Nedgill3@grslegal.com
Attorney for Plaintiffs

Page 1 of 1

15

NO. 2015-21720

| | | |
|---|---|---|
| GREGORY PHAM, JOHN MA<br>And RAYMOND DAO<br>Plaintiffs, | §<br>§<br>§ | IN THE DISTRICT   COURT |
| V. | §<br>§<br>§ | 151ST JUDICIAL DISTRICT |
| W. GARRY WALDROP, DDS, INC.<br>d/b/a LIFETIME DENTAL CARE<br>Defendant. | §<br>§<br>§<br>§ | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' CERTIFICATE OF LAST KNOWN MAILING ADDRESS

I CERTIFY that the last known mailing address of Defendant W. GARRY WALDROP, DDS, INC., d/b/a LIFETIME DENTAL CARE, against whom judgment is taken in the above-entitled and -numbered cause, is 970 South Fry Road, Katy, Texas 77450.

Respectfully submitted,

**GILL REVACK SAMAAN & MULLER, LLP**
6575 West Loop South, Suite 600
Bellaire, Texas 77401
Tel. (713) 271-8282
Fax. (713) 271-2112

By: _____
**NED GILL, III**
Texas Bar No. 07921400
Email:  nedgill3@grslegal.com
Attorney for Plaintiffs

16

REPORTER'S RECORD

VOLUME 1 OF 1  VOLUME

CAUSE NO. 2015-21720

COURT OF APPEALS CASE NO. 14-15-00747-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
9/11/2015 5:53:21 PM
CHRISTOPHER A. PRINE
Clerk

| | |
|---|---|
| GREGORY PHAM, JOHN MA, | ) IN THE DISTRICT COURT |
| and RAYMOND DAO, | ) |
| *Plaintiffs,* | ) |
| | ) |
| VS. | ) HARRIS COUNTY, TEXAS |
| | ) |
| W GARRY WALDROP, DDS, INC., | ) |
| DBA LIFETIME DENTAL CARE, | ) |
| *Defendant.* | ) 151ST JUDICIAL DISTRICT |

*******************************

MOTION FOR DEFAULT

*******************************

On the 29th day of June, 2015, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Mike Engelhart, Judge Presiding, held in Houston, Harris County, Texas.

Proceedings reported by Certified Shorthand Reporter and Machine Shorthand/Computer-Aided Transcription.

A P P E A R A N C E S

Mr. Ned Gill, III
State Bar No. 07921400
nedgill3@grslegal.com
GILL REVACK SAMAAN & MULLER, LLP
6575 West Loop South, Suite 600
Bellaire, Texas 77401
Telephone: (713) 271-8282
Telecopier: (713) 271-2112
COUNSEL FOR THE PLAINTIFFS

VOLUME 1 OF 1 VOLUME

MOTION FOR DEFAULT

CHRONOLOGICAL INDEX

JUNE 29, 2015                                        PAGE

Appearances . . . . . . . . . . . . . . . . . . 2

Chronological Index . . . . . . . . . . . . . 3

Alphabetical Witness Index . . . . . . . . . .4

Proceedings . . . . . . . . . . . . . . . . . 5

PLAINTIFFS' WITNESSES     DIRECT          CROSS

Pham, Gregory
        By Mr. Gill            6

Ma, John
        By Mr. Gill            9

Dao, Raymond
        By Mr. Gill            11

Gill, III, Ned
        By Mr. Gill            13

Plaintiffs Rest . . . . . . . . . . . . . . . .14

Court's Findings . . . . . . . . . . . . . . 14

Adjourned . . . . . . . . . . . . . . . . . .16

Court Reporter's Certificate . . . . . . . . 17

Word Index . . . . . . . . . . . . . . . . . 18

              (No exhibits)

                        VOLUME 1 OF 1 VOLUME

                        MOTION FOR DEFAULT

                     ALPHABETICAL WITNESS INDEX

WITNESSES                        DIRECT          CROSS

Dao, Raymond
     By Mr. Gill           11

Gill, III, Ned
     By Mr. Gill           13

Ma, John
     By Mr. Gill            9

Pham, Gregory
     By Mr. Gill            6

P R O C E E D I N G S

06/29/2015    (At the bench, on the record)

THE COURT:   This is 2015-21720, Pham, P-H-A-M, versus  W Garry, with  two  R's, Waldrop, W-A-L-D-R-O-P , DDS, Inc.   We're here for what I'm guessing is a prove-up of a final default judgment.

MR. GILL:   Yes, Judge.

THE COURT:   Final meaning it would resolve all the claims and all the parties.

MR. GILL:   All the claims, controversies and parties.

THE COURT:   All right.   Nice and slow and loud because Carolyn is taking down what you say. Counsel, would you tell us  who you are and who you represent .

MR. GILL:   My name is Ned Gill , III.   I represent  the Plaintiffs  in the case.   That's  Gregory Pham, P-H-A-M ; John Ma, M-A ; and Raymond Dao, D -A-O.

THE COURT:   All right.   And these are the three gentlemen  that are  here today?

MR. GILL:   That's correct, Judge.

THE COURT:   All right.   I assume they're gentlemen .  The Court should not assume  such things .

(Laughing)

THE COURT:   All right.   Would you please

raise your right hand so I can swear you in. They're doing so.

(Oath administered to the witnesses)

THE COURT: All right. All three have answered in the affirmative. Very good. Mr. Gill.

MR. GILL: Yes, sir.

THE COURT: Who do you wish to call first?

MR. GILL: I'm going to call Plaintiff number one, Gregory Pham.

THE COURT: All right. Mr. Pham, listen carefully to the questions. Only answer the question that you are asked. And please answer nice and loud and slow so Carolyn can take down what you're saying. Okay?

THE WITNESS: Okay.

THE COURT: Please proceed.

MR. GILL: Thank you, Judge.

GREGORY PHAM,
having been first duly sworn, testified as follows:

DIRECT EXAMINATION

BY MR. GILL:

Q. Mr. Pham, state your name for the record and spell your last name.

A. Gregory Pham, P as in Paul, H-A-M.

Q. And are you the Plaintiff in the case, in Cause Number 2015-21720?

A. Yes.

Q. And are you familiar with the Defendant in the case?

A. Yes.

Q. And what is your relationship with the Defendant?

A. I was an employer -- employee with the Waldrops.

Q. And are you a licensed dentist?

A. Yes.

Q. Are you in good standing with the State of Texas?

A. Yes.

Q. And did you have an agreement with the Defendant in the case to provide a dental service to him?

A. His patient, yes.

Q. And do you know the terms of that agreement?

A. It's 25 percent of production.

Q. Okay. Was that a written or verbal contract with the Defendant?

A. A written contract.

Q. Okay. And did he pay you all the amount

that were due to you under that agreement?

A. No.

Q. And do you know the amount that he was insufficient in paying you?

A. Yes.

Q. And could you tell the Court what that amount was?

A. It's $58,343.

Q. Are you asking this Court to grant you a judgment in the amount of $58,343 against the Defendant in this case?

A. Yes.

Q. And to pursue the judgment in this case, did you have to hire an attorney?

A. Yes.

Q. Did you hire me to represent you in pursuing this judgment?

A. Yes.

Q. And did you believe it was necessary for you to hire me to pursue this judgment?

A. Yes.

MR. GILL: Judge, I'll pass this witness and ask that I may call the next witness.

THE COURT: Okay. Very good. Sure. Who do you wish to call next?

MR. GILL: John Ma.

THE COURT: All right. Please change places and please remember my instruction to speak loud and slow.

JOHN MA,

having been previously duly sworn, testified as follows:

DIRECT EXAMINATION

BY MR. GILL:

Q. Mr. Ma, could you state your full name for the court reporter and spell your last name, please.

A. Yes. John Ma. Last name is M-A.

Q. Are you a Plaintiff in Cause Number 2015-21720?

A. Yes.

Q. Do you know the Defendant in this case?

A. Yes.

Q. What is your relationship to the Defendant in this case?

A. He is my employer.

THE COURT: Slow down. You're doing fine. I need you to slow down just a little.

MR. GILL: Sorry, Judge.

Q. (By Mr. Gill) What is your relationship to the Defendant in this case?

A.   He was my employer.

Q.   And how were you so employed with the Defendant in this case?

A.   I was an associate dentist at his practice.

Q.   And did you have an agreement with the dentist in this case for you to get paid?

A.   Yes.

Q.   And do you know the terms of that agreement?

A.   Yes.  It was 25 percent of any production completed at the office.

Q.   Was that a written agreement?

A.   Yes.

Q.   And do you know the amount of money he actually paid you and the amount of money he actually should have paid you?

A.   Yes.

Q.   And what is the difference in that amount?

A.   $19,462.

Q.   Are you asking this Court to grant you a judgment against the Defendant for $19,462?

A.   Yes.

Q.   To pursue that judgment, did you have to hire an attorney in that case?

A.   Yes.

Q.   Did you hire me to help you pursue this

judgment?

A. Yes.

Q. Did you think it was necessary for you to hire an attorney to pursue that judgment?

A. Yes.

MR. GILL: Judge, at this time I will pass this witness and call another witness.

THE COURT: Very good. Who do you wish to call?

MR. GILL: Raymond Dao.

THE COURT: All right. Mr. Dao, same instruction, right? Nice and loud.

RAYMOND DAO,

having been previously duly sworn, testified as follows:

DIRECT EXAMINATION

BY MR. GILL:

Q. Mr. Dao, could you state your full name for the court reporter, spelling your last name, please.

A. Raymond Dao, D-A-O.

Q. Are you a Plaintiff in Cause Number 2015-21720?

A. Yes.

Q. And are you familiar with the Defendant in this case?

A.   Yes.

Q.   Did you -- tell the Court what your relationship with the Defendant was?

A.   I was an associate dentist at his practice.

Q.   And did you have an agreement with the Defendant on amount of money that he would pay you as an associate dentist?

A.   Yes.

Q.   And was that agreement in writing?

A.   Yes.

Q.   And do you know the terms of that agreement?

A.   Yes.

Q.   And could you state briefly for the Court what the terms was?

A.   25 percent of production.

Q.   Do you know the amount of production that you incurred and the amount that he paid you?

A.   Yes.

Q.   And do you know the amount that he should have paid you?

A.   Yeah.

Q.   Is there a difference?

A.   Yes.

Q.   And could you tell the Court the difference in that amount?

A. $26,759.

Q. Are you asking the Court to grant you a judgment against Mr. Waldrop, the Defendant in this case, in the amount of $26,759?

A. Yes.

Q. Did you have to hire an attorney to pursue a judgment in that case?

A. Yes.

Q. And did you hire me to pursue that judgment?

A. Yes.

Q. Do you believe hiring me was necessary to pursue that judgment?

A. Yes.

MR. GILL: I have no other questions, Judge. I would like to call myself for attorney's fees.

THE COURT: Okay. Switch places, please.

DIRECT EXAMINATION

MR. GILL: My name is Ned Gill, III. I'm a licensed attorney in the state of Texas. I've been practicing for over 24 years. I practice in Harris County, Fort Bend County, Liberty County, other counties. I practice primarily civil laws, criminal laws, and family law.

I have been hired by these three Plaintiffs in the case to pursue a judgment against the Defendant in this case. I have been paid approximately $8,000 to pursue five judgments in this case. But these are three Plaintiffs in the case.

And for these three Plaintiffs in the case I anticipate that it was necessary for me to incur approximately $1,600 for each of these particular Plaintiffs in the case.

I believe the time I spent on this case was necessary to get a judgment in this case and I believe an award of attorney's fees against the Defendant in this case and in favor of the Plaintiffs of $1,600 each is reasonable and necessary.

THE COURT: Okay. Anything further?

PLAINTIFFS REST

MR. GILL: That's all, Judge. We rest.

THE COURT: All right. Very good. Then I will -- I find that the Defendant has -- let me double-check something.

COURT'S FINDINGS

THE COURT: All right. I find that the Defendant W Garry Waldrop, DDS, Inc., DBA Lifetime Dental Care, has failed to appear despite having been served with citation and process.

And I find in favor of the Plaintiffs in the amounts stated, including actual damages, prejudgment interest, the attorney's fees requested by Mr. Gill, and all taxable costs of court, as well as postjudgment interest at the rate of 5 percent from the date after judgment until collected.

If you would make the change in this proposed judgment, take out the number for cost of court on each of the three Plaintiffs and just write it as Number Four, all taxable costs of court, I would appreciate that. And the rest of the language looks okay.

On the postjudgment interest language, if you could make it clear that it's interest at the rate of 5 percent per year on the total judgment. It doesn't say postjudgment interest. Just include the word "postjudgment" so that it's clear it starts accruing --

MR. GILL: Got it, Judge.

THE COURT: -- after the judgment.

And then you have the language in there that it's final. If you would make in the title of the judgment if you would put the word "final" up here as well. Anytime you have a final -- I mean, every judgment is either final or partial, right? So it is

very helpful to the clerks if you make it clear up here which it is so they don't have to scour the judgment looking for that language.

So if it's interlocutory, mark it as interlocutory. If it's final, mark it final.

MR. GILL: I will, Judge. Do you want me to e-file that?

THE COURT: And if you would e-file that, that would be great. That way I could electronically sign it.

MR. GILL: Perfect. I will, Judge.

THE COURT: All right. I'll make a note. Is there anything else?

MR. GILL: That's all, Judge.

THE COURT: All right. Very good. Congratulations, gentlemen. Good luck to you.

MR. GILL: Thank you, Your Honor.

THE COURT: Now the hard part begins.

(Laughing)

(Recessed)

THE STATE OF TEXAS )

COUNTY OF HARRIS )

I, Carolyn Ruiz Coronado, Official Court Reporter in and for the 151st Civil District Court of Harris County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted, tendered in an offer of proof or offered into evidence.

I further certify that the total cost for the preparation of this Reporter's Record is $180.00 and will be paid by Zimmerman, Axelrad, Meyer, Stern & Wise, P.C.

WITNESS MY OFFICIAL HAND this the 8th day of

September , 2015.

/s/Carolyn Ruiz Coronado
Carolyn Ruiz Coronado, Texas CSR#7113
Expiration Date: 12/31/2016
Official Reporter, 151st Civil District Court
Harris County, Texas
201 Caroline, Houston, Tx 77002
(713) 398-3548

WORD INDEX

**- 0 -**

07921400 [1] 2:3

**- 1 -**

1,600 [2] 14:8, 14
14-15-00747-CV [1] 1:4
151ST [1] 1:9
151st [2] 17:3, 17
180.00 [1] 17:11
19,462 [2] 10:18, 20

**- 2 -**

2015 [4] 1:17; 3:4; 5:2; 17:15
2015-21720 [5] 1:3; 5:3; 7:2; 9:14; 11:22
2016 [1] 17:17
26,759 [2] 13:1, 4
271-2112 [1] 2:6
271-8282 [1] 2:5
29th [1] 1:17

**- 3 -**

398-3548 [1] 17:19

**- 5 -**

58,343 [2] 8:8, 10

**- 6 -**

6575 [1] 2:4

**- 7 -**

7113 [1] 17:16
77002 [1] 17:18
77401 [1] 2:5

**- 8 -**

8,000 [1] 14:4

**- A -**

above [1] 17:4
above-entitled [1] 1:19
above-styled [1] 17:6
accruing [1] 15:18
actual [1] 15:2
actually [2] 10:14
Adjourned [1] 3:18
administered [1] 6:3
admitted [1] 17:9
affirmative [1] 6:5
after [2] 15:6, 20
against [5] 8:10; 10:20; 13:3; 14:2, 12
agreement [9] 7:16, 20; 8:1; 10:5, 8, 11; 12:5, 9, 11
ALPHABETICAL [1] 4:3
Alphabetical [1] 3:7
amount [13] 7:25; 8:3, 7, 10; 10:13, 14, 17; 12:6, 16, 17, 19, 25; 13:4
amounts [1] 15:2
another [1] 11:7
answer [2] 6:12, 13
answered [1] 6:5
anticipate [1] 14:7
Anything [1] 14:15
anything [1] 16:13
Anytime [1] 15:24
APPEALS [1] 1:4
appear [1] 14:24
Appearances [1] 3:5
appreciate [1] 15:11
approximately [2] 14:4, 8
asked [1] 6:13
asking [3] 8:9; 10:19; 13:2
associate [3] 10:4; 12:4, 7
assume [2] 5:22, 23
attorney [5] 8:14; 10:23; 11:4; 13:6, 21
attorney's [3] 13:15; 14:12; 15:3
award [1] 14:12
Axelrad [1] 17:12

**- B -**

because [1] 5:13
been [7] 6:20; 9:6; 11:14; 13:22; 14:1, 3, 24
before [1] 1:19
begins [1] 16:18
believe [4] 8:19; 13:11; 14:10, 12
Bellaire [1] 2:5
bench [1] 5:2
Bend [1] 13:23
briefly [1] 12:13

**- C -**

call [7] 6:7, 9; 8:23, 25; 11:7, 9; 13:15
came [1] 1:18
CARE [1] 1:9
Care [1] 14:24
carefully [1] 6:12
Caroline [1] 17:18
Carolyn [5] 5:13; 6:14; 17:3, 16
CASE [1] 1:4
case [24] 5:17; 7:1, 5, 17; 8:11, 13; 9:16, 19, 25; 10:3, 6, 23; 11:25; 13:4, 7; 14:2, 3, 5, 7, 9, 10, 11, 13
CAUSE [1] 1:3
Cause [3] 7:2; 9:13; 11:21
cause [2] 1:19; 17:7
Certificate [1] 3:19

Certified [1] 1:22

certify [3] 17:4, 8, 11

chambers [1] 17:7

change [2] 9:2; 15:7

CHRONOLOGICAL [1] 3:3

Chronological [1] 3:6

citation [1] 14:25

Civil [2] 17:3, 17

civil [1] 13:24

claims [2] 5:9, 10

clear [3] 15:14, 17; 16:1

clerks [1] 16:1

collected [1] 15:6

completed [1] 10:10

Computer-Aided [1] 1:24

Congratulations [1] 16:16

contains [1] 17:4

contract [2] 7:22, 24

controversies [1] 5:10

Coronado [3] 17:3, 16

correct [2] 5:21; 17:4

correctly [1] 17:9

cost [2] 15:8; 17:11

costs [2] 15:4, 10

could [7] 8:6; 9:10; 11:18; 12:13, 24; 15:14; 16:9

COUNSEL [1] 2:6

Counsel [1] 5:14

counsel [1] 17:5

counties [1] 13:24

COUNTY [2] 1:7; 17:2

County [6] 1:21; 13:23; 17:4, 18

COURT [26] 1:4, 5; 5:3, 8, 12, 19, 22, 25; 6:4, 7, 11, 17; 8:24; 9:2, 21; 11:8, 11; 13:17; 14:15, 18, 22; 15:20; 16:8, 12, 15, 18

Court [12] 3:19; 5:23; 8:6, 9; 10:19; 12:2, 13, 24; 13:2; 17:3, 17

court [6] 9:11; 11:19; 15:4, 9, 10; 17:7

COURT'S [1] 14:21

Court's [1] 3:17

criminal [1] 13:24

CROSS [2] 3:9; 4:4

- D -

D-A-O [2] 5:18; 11:20

damages [1] 15:2

Date [1] 17:17

date [1] 15:6

DEFAULT [3] 1:14; 3:2; 4:2

default [1] 5:6

Defendant [19] 1:9; 7:4, 8, 17, 23; 8:11; 9:16, 18, 25; 10:3, 20; 11:24; 12:3, 6; 13:3; 14:3, 13, 19, 23

DENTAL [1] 1:9

Dental [1] 14:24

dental [1] 7:17

dentist [5] 7:11; 10:4, 6; 12:4, 7

despite [1] 14:24

difference [3] 10:17; 12:22, 24

DIRECT [6] 3:9; 4:4; 6:21; 9:8; 11:16; 13:19

DISTRICT [2] 1:5, 9

District [2] 17:3, 17

doesn't [1] 15:16

doing [2] 6:2; 9:21

double-check [1] 14:20

down [4] 5:13; 6:14; 9:21, 22

duly [3] 6:20; 9:6; 11:14

- E -

e-file [2] 16:7, 8

each [3] 14:8, 14; 15:9

either [1] 15:25

electronically [1] 16:10

else [1] 16:13

employed [1] 10:2

employee [1] 7:9

employer [3] 7:9; 9:20; 10:1

Engelhart [1] 1:20

every [1] 15:24

evidence [2] 17:5, 10

EXAMINATION [4] 6:21; 9:8; 11:16; 13:19

exhibits [2] 3:21; 17:9

Expiration [1] 17:17

- F -

failed [1] 14:24

familiar [2] 7:4; 11:24

family [1] 13:25

favor [2] 14:13; 15:1

fees [3] 13:16; 14:12; 15:3

Final [1] 5:8

final [7] 5:6; 15:22, 23, 24, 25; 16:5

find [3] 14:19, 22; 15:1

FINDINGS [1] 14:21

Findings [1] 3:17

fine [1] 9:22

first [2] 6:8, 20

five [1] 14:4

following [1] 1:18

**follows** [3] 6:20; 9:7; 11:15

**foregoing** [1] 17:4

**Fort** [1] 13:23

**Four** [1] 15:10

**from** [1] 15:5

**full** [2] 9:10; 11:18

**further** [3] 14:15; 17:8

**- G -**

**GARRY** [1] 1:8

**Garry** [2] 5:4; 14:23

**gentlemen** [3] 5:20, 23; 16:16

**GILL** [24] 2:4; 5:7, 10, 16, 21; 6:6, 9, 18, 22; 8:22; 9:1, 9, 23; 11:6, 10, 17; 13:14, 20; 14:17; 15:19; 16:6, 11, 14, 17

**Gill** [16] 2:2; 3:10, 12, 13, 14, 15; 4:5, 6, 7, 8, 10; 5:16; 6:5; 9:24; 13:20; 15:4

**going** [1] 6:9

**Good** [1] 16:16

**good** [6] 6:5; 7:13; 8:24; 11:8; 14:18; 16:15

**grant** [3] 8:9; 10:19; 13:2

**great** [1] 16:9

**GREGORY** [2] 1:5; 6:19

**Gregory** [5] 3:10; 4:9; 5:17; 6:10, 25

**grslegal.com** [1] 2:3

**guessing** [1] 5:6

**- H -**

**H-A-M** [1] 6:25

**HAND** [1] 17:14

**hand** [1] 6:1

**hard** [1] 16:18

**HARRIS** [2] 1:7; 17:2

**Harris** [4] 1:21; 13:23; 17:3, 18

**having** [4] 6:20; 9:6; 11:14; 14:24

**heard** [1] 1:18

**held** [1] 1:20

**help** [1] 10:25

**helpful** [1] 16:1

**here** [4] 5:5, 20; 15:23; 16:2

**hereby** [1] 17:4

**hire** [8] 8:14, 16, 20; 10:23, 25; 11:4; 13:6, 9

**hired** [1] 14:1

**hiring** [1] 13:11

**Honor** [1] 16:17

**Honorable** [1] 1:19

**Houston** [2] 1:20; 17:18

**- I -**

**I'll** [2] 8:22; 16:12

**I've** [1] 13:21

**include** [1] 15:16

**included** [1] 17:6

**including** [1] 15:2

**incur** [1] 14:8

**incurred** [1] 12:17

**INDEX** [3] 3:3; 4:3; 18:1

**Index** [3] 3:6, 7, 20

**instruction** [2] 9:3; 11:12

**insufficient** [1] 8:4

**interest** [5] 15:3, 5, 13, 14, 16

**interlocutory** [2] 16:4, 5

**into** [1] 17:10

**It's** [2] 7:21; 8:8

**it's** [5] 15:14, 17, 22; 16:4, 5

**- J -**

**JOHN** [2] 1:5; 9:5

**John** [5] 3:11; 4:8; 5:18; 9:1, 12

**Judge** [13] 1:20; 5:7, 21; 6:18; 8:22; 9:23; 11:6; 13:15; 14:17; 15:19; 16:6, 11, 14

**judgment** [22] 5:6; 8:10, 13, 17, 20; 10:20, 22; 11:1, 4; 13:3, 7, 9, 12; 14:2, 11; 15:6, 8, 15, 20, 23, 25; 16:3

**judgments** [1] 14:4

**JUDICIAL** [1] 1:9

**JUNE** [1] 3:4

**June** [1] 1:17

**- K -**

**know** [8] 7:20; 8:3; 9:16; 10:8, 13; 12:11, 16, 19

**- L -**

**language** [4] 15:11, 13, 21; 16:3

**Last** [1] 9:12

**last** [3] 6:24; 9:11; 11:19

**Laughing** [2] 5:24; 16:19

**laws** [2] 13:24, 25

**Liberty** [1] 13:23

**licensed** [2] 7:11; 13:21

**LIFETIME** [1] 1:9

**Lifetime** [1] 14:23

**like** [1] 13:15

**listen** [1] 6:11

**little** [1] 9:22

**looking** [1] 16:3

**looks** [1] 15:11

**Loop** [1] 2:4

**loud** [4] 5:13; 6:13; 9:4; 11:12

**luck** [1] 16:16

**- M -**

**Machine** [1] 1:23

make [5] 15:7, 14, 22; 16:1, 12
mark [2] 16:4, 5
mean [1] 15:24
meaning [1] 5:8
Meyer [1] 17:12
Mike [1] 1:20
money [3] 10:13, 14; 12:6
MOTION [3] 1:14; 3:2; 4:2
MULLER [1] 2:4
myself [1] 13:15

## - N -

name [9] 5:16; 6:23, 24; 9:10, 11, 12; 11:18, 19; 13:20
necessary [6] 8:19; 11:3; 13:11; 14:7, 11, 14
nedgill3 [1] 2:3
need [1] 9:22
next [2] 8:23, 25
Nice [2] 5:12; 11:12
nice [1] 6:13
note [1] 16:13
Number [4] 7:2; 9:13; 11:21; 15:10
number [2] 6:10; 15:8
numbered [2] 1:19; 17:6

## - O -

Oath [1] 6:3
occurred [1] 17:7
offer [1] 17:9
offered [1] 17:10
office [1] 10:10
OFFICIAL [1] 17:14
Official [2] 17:3, 17
Okay [7] 6:15, 16; 7:22, 25; 8:24; 13:17; 14:15
okay [1] 15:12
Only [1] 6:12
open [1] 17:7
other [3] 13:14, 23; 17:5
over [1] 13:22

## - P -

P-H-A-M [2] 5:4, 18
P.C. [1] 17:12
PAGE [1] 3:4
paid [7] 10:6, 14, 15; 12:17, 20; 14:3; 17:12
part [1] 16:18
partial [1] 15:25
particular [1] 14:9
parties [3] 5:9, 11; 17:6
pass [2] 8:22; 11:7
patient [1] 7:19
Paul [1] 6:25
paying [1] 8:4
percent [5] 7:21; 10:9; 12:15; 15:5, 15

Perfect [1] 16:11
PHAM [2] 1:5; 6:19
Pham [8] 3:10; 4:9; 5:3, 18; 6:10, 11, 23, 25
places [2] 9:3; 13:17
Plaintiff [4] 6:9; 7:1; 9:13; 11:21
PLAINTIFFS [3] 2:6; 3:9; 14:16
Plaintiffs [10] 1:6; 3:16; 5:17; 14:2, 5, 6, 9, 13; 15:1, 9
Please [2] 6:17; 9:2
please [6] 5:25; 6:13; 9:3, 11; 11:19; 13:18
portions [1] 17:5
postjudgment [4] 15:5, 13, 16, 17
practice [4] 10:4; 12:4; 13:22, 24
practicing [1] 13:22
prejudgment [1] 15:3
preparation [1] 17:11
Presiding [1] 1:20
previously [2] 9:6; 11:14
primarily [1] 13:24
proceed [1] 6:17
Proceedings [2] 1:22; 3:8

proceedings [3] 1:18; 17:5, 9
process [1] 14:25
production [4] 7:21; 10:9; 12:15, 16
proof [1] 17:10
proposed [1] 15:8
prove-up [1] 5:6
provide [1] 7:17
pursue [10] 8:13, 20; 10:22, 25; 11:4; 13:6, 9, 12; 14:2, 4
pursuing [1] 8:16

## - Q -

question [1] 6:12
questions [2] 6:12; 13:14

## - R -

raise [1] 6:1
rate [2] 15:5, 15
RAYMOND [2] 1:6; 11:13
Raymond [5] 3:13; 4:5; 5:18; 11:10, 20
reasonable [1] 14:14
Recessed [1] 16:20
RECORD [1] 1:1
Record [3] 17:6, 8, 11
record [2] 5:2; 6:23

reflects [1] 17:9

relationship [4] 7:7; 9:18, 24; 12:3

remember [1] 9:3

reported [2] 1:22; 17:7

Reporter [3] 1:23; 17:3, 17

reporter [2] 9:11; 11:19

REPORTER'S [1] 1:1

Reporter's [4] 3:19; 17:6, 8, 11

represent [3] 5:15, 17; 8:16

requested [2] 15:3; 17:5

resolve [1] 5:9

REST [1] 14:16

Rest [1] 3:16

rest [2] 14:17; 15:11

REVACK [1] 2:4

right [15] 5:12, 19, 22, 25; 6:1, 4, 11; 9:2; 11:11, 12; 14:18, 22; 15:25; 16:12, 15

Ruiz [3] 17:3, 16

**- S -**

SAMAAN [1] 2:4

same [1] 11:11

saying [1] 6:14

scour [1] 16:2

September [1] 17:15

served [1] 14:25

service [1] 7:17

Shorthand [2] 1:23, 24

should [3] 5:23; 10:15; 12:19

sign [1] 16:10

Slow [1] 9:21

slow [4] 5:12; 6:14; 9:4, 22

something [1] 14:20

Sorry [1] 9:23

South [1] 2:4

speak [1] 9:3

spell [2] 6:24; 9:11

spelling [1] 11:19

spent [1] 14:10

standing [1] 7:13

starts [1] 15:17

STATE [1] 17:1

State [3] 2:3; 7:13; 17:4

state [5] 6:23; 9:10; 11:18; 12:13; 13:21

stated [1] 15:2

Stern [1] 17:12

such [1] 5:23

Suite [1] 2:4

Sure [1] 8:24

swear [1] 6:1

Switch [1] 13:17

sworn [3] 6:20; 9:6; 11:14

**- T -**

take [2] 6:14; 15:8

taking [1] 5:13

taxable [2] 15:4, 10

Telecopier [1] 2:6

Telephone [1] 2:5

tell [4] 5:14; 8:6; 12:2, 24

tendered [1] 17:9

terms [4] 7:20; 10:8; 12:11, 14

testified [3] 6:20; 9:6; 11:14

TEXAS [2] 1:7; 17:1

Texas [7] 1:21; 2:5; 7:14; 13:21; 17:4, 16, 18

Thank [2] 6:18; 16:17

That's [4] 5:17, 21; 14:17; 16:14

Then [1] 14:18

then [1] 15:21

there [3] 12:22; 15:21; 16:13

these [5] 5:19; 14:1, 5, 6, 8

they [1] 16:2

They're [1] 6:1

they're [1] 5:22

things [1] 5:23

think [1] 11:3

This [1] 5:3

this [27] 8:9, 11, 13, 17, 20, 22; 9:16, 19, 25; 10:3, 6, 19, 25; 11:6, 7, 25; 13:3; 14:3, 4, 10, 11, 13; 15:7; 17:6, 8, 11, 14

three [6] 5:20; 6:4; 14:1, 5, 6; 15:9

time [2] 11:6; 14:10

title [1] 15:22

today [1] 5:20

total [2] 15:15; 17:11

Transcription [1] 1:24

transcription [1] 17:5

true [1] 17:4

truly [1] 17:9

**- U -**

under [1] 8:1

until [1] 15:6

**- V -**

verbal [1] 7:22

versus [1] 5:4

Very [5] 6:5; 8:24; 11:8; 14:18; 16:15

very [1] 16:1

VOLUME [6] 1:2; 3:1; 4:1

volume [1] 17:6

**- W -**

W-A-L-D-R-O-P [1] 5:5

WALDROP [1] 1:8

Waldrop [3] 5:4; 13:3; 14:23

Waldrops [1] 7:10

want [1] 16:6

We're [1] 5:5

well [2] 15:4, 24

were [3] 8:1; 10:2; 17:7

West [1] 2:4

which [2] 16:2; 17:7

will [5] 11:6; 14:19; 16:6, 11; 17:12

Wise [1] 17:12

wish [3] 6:7; 8:25; 11:8

WITNESS [3] 4:3; 6:16; 17:14

Witness [1] 3:7

witness [4] 8:22, 23; 11:7

WITNESSES [2] 3:9; 4:4

witnesses [1] 6:3

WORD [1] 18:1

Word [1] 3:20

word [2] 15:17, 23

Would [1] 5:25

would [10] 5:8, 14; 12:6; 13:15; 15:7, 10, 22, 23; 16:8, 9

write [1] 15:9

writing [2] 12:9; 17:5

written [3] 7:22, 24; 10:11

## - Y -

year [1] 15:15

years [1] 13:22

You're [1] 9:21

you're [1] 6:14

Your [1] 16:17

your [11] 6:1, 23, 24; 7:7; 9:10, 11, 18, 24; 11:18, 19; 12:2

## - Z -

Zimmerman [1] 17:12

| HCDistrictclerk.com | PHAM, GREGORY vs. W GARRY WALDROP DDS INC (D/B/A LIFETIME DENTAL CAR | 11/10/2015 |
| --- | --- | --- |
| | Cause: 201521720    CDI: 7    Court: 151 | |

## COST STATMENTS

No Cost Statments found.

## TRANSFERS

No Transfers found.

## NOTICES

No Notices found.

## SUMMARY

### CASE DETAILS

| | |
| --- | --- |
| File Date | 4/15/2015 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Case On Appeal - Civil |
| Case (Cause) Type | HOMEOWNERS ASSOCIATION |
| Next/Last Setting Date | N/A |
| Judgment For | DEFAULT JUDGMENT SIGNED |
| Judgment Date | 7/1/2015 |
| Jury Fee Paid Date | N/A |

### COURT DETAILS

| | |
| --- | --- |
| Court | 151st |
| Address | 201 CAROLINE (Floor: 11) HOUSTON, TX 77002 Phone:7133686222 |
| JudgeName | MIKE ENGELHART |
| Court Type | Civil |

## APPEALS

| Action Type | Action | Date | Cost |
| --- | --- | --- | --- |
| Court Assignment | Assigned to 14th Court of Appeals | 9/1/2015 | $ 0.00 |
| | | 9/1/2015 | $ 0.00 |
| Notice of Appeal Has Been Filed | Notice of Appeal Given | 9/1/2015 | $ 0.00 |
| Notice of Appeal Has Been Filed | Appeal Final Judgment | 9/1/2015 | $ 0.00 |
| Mandate Issued on Appeal | | 9/22/2015 | $ 0.00 |
| Transcript Action | Transcript Completed | 9/30/2015 | $ 37.00 |

## POST TRIAL WRITS

| Description | Requested | Assigned | Issued | Returned |
| --- | --- | --- | --- | --- |
| Writ of Execution | 8/3/2015 | 8/3/2015 | 8/10/2015 | 11/9/2015 |

## ABSTRACTS

| Description | Date |
| --- | --- |
| File Assigned | 7/2/2015 |

| | |
|---|---|
| Abstract Requested | 7/2/2015 |
| File Assigned | 7/2/2015 |
| Abstract Requested | 7/2/2015 |
| File Assigned | 7/2/2015 |
| Abstract Requested | 7/2/2015 |
| Abstract Picked UO | 7/29/2015 |
| Abstract Picked UO | 7/29/2015 |
| Abstract Picked UO | 7/29/2015 |

## ACTIVE PARTIES

No active parties found.

## INACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| PHAM, GREGORY | PLAINTIFF - CIVIL | | GILL, NED III |
| W GARRY WALDROP DDS INC (D/B/A LIFETIME DENTAL CARE) | DEFENDANT - CIVIL | | |
| 970 SOUTH FRY ROAD, KATY, TX 77450 | | | |
| DAO, RAYMOND | PLAINTIFF - CIVIL | | GILL, NED III |
| MA, JOHN | PLAINTIFF - CIVIL | | GILL, NED III |

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 7/1/2015 | DEFAULT JUDGMENT SIGNED | 7/1/2015 | | 2 | | | |
| 7/1/2015 | DEFENDANT COSTS | | | 0 | | | |
| 4/15/2015 | ORIGINAL PETITION | | | 0 | | GILL, NED III | PHAM, GREGORY |
| 4/15/2015 | ORIGINAL PETITION | | | 0 | | GILL, NED III | DAO, RAYMOND |
| 4/15/2015 | ORIGINAL PETITION | | | 0 | | GILL, NED III | MA, JOHN |

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|---|
| 6/29/2015 09:00 AM | 151 | | Law Day Docket | DEFAULT - MOTION FOR (TRCP 239) | Granted | SEE O/S 7-1-15 | GILL, NED III |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION | | | | 4/15/2015 | 4/15/2015 | 4/21/2015 | | | 73121918 | |

| SERVICE<br>RETURN/EXECUTED | ORIGINAL<br>PETITION | | | | | CIV AGCY-<br>CIVILIAN<br>SERVICE<br>AGENCY |
|---|---|---|---|---|---|---|
| EXECUTION SERVICE<br>RETURN/EXECUTED | WRIT OF<br>EXECUTION | 8/3/2015 | 8/10/2015 11/9/2015 11/9/2015 | | 73155065 | ATTORNEY<br>PICK-UP |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 67280496 | Fourteenth court of appeals (Abatement Order) | | 09/22/2015 | 7 |
| 66997309 | Fourteenth court of appeals (Correspondence) | | 09/04/2015 | 1 |
| 66862676 | Notice of Appeal | | 09/01/2015 | 2 |
| -> 66862677 | Local Rule Notice of and Assignment of Related Case in Appeals | | 09/01/2015 | 1 |
| 66862678 | Letter to Clerk | | 09/01/2015 | 2 |
| 66862679 | Letter to Reporter | | 09/01/2015 | 1 |
| 66457457 | Request for Civil/Family Post Judgment Writs | | 08/03/2015 | 1 |
| 66075484 | Request for Abstract of Judgment | | 07/02/2015 | 1 |
| 66075485 | Request for Abstract of Judgment | | 07/02/2015 | 1 |
| 66075486 | Request for Abstract of Judgment | | 07/02/2015 | 1 |
| 66049904 | DEFAULT JUDGMENT SIGNED | | 07/01/2015 | 2 |
| | DEFENDANT COSTS | | 07/01/2015 | |
| 66009060 | Proposed Final Judgment | | 06/29/2015 | 2 |
| 65485098 | Motion for Default Judgment | | 05/19/2015 | 2 |
| -> 65485099 | Nonmilitary Affidavit | | 05/19/2015 | 3 |
| -> 65485100 | Plaintiffs' Certificate of Last Known Mailing Address | | 05/19/2015 | 1 |
| 65485871 | Notice of Hearing | | 05/19/2015 | 1 |
| 65141847 | Citation | | 04/21/2015 | 1 |
| 65034468 | Plaintiff's Original Petition | | 04/15/2015 | 6 |
| -> 65034470 | Civil Case Information Sheet | | 04/15/2015 | 2 |
| -> 65034469 | Civil Process Request | | 04/15/2015 | 2 |
| 65041353 | Civil Process Request | | 04/15/2015 | 2 |
| 65176921 | Civil Process Pick-Up Form | | 04/15/2015 | 1 |

NO. 2015-21720

| | | |
|---|---|---|
| GREGORY PHAM, JOHN MA AND RAYMOND DAO | § § § | IN THE DISTRICT COURT OF |
| V. | § § | HARRIS COUNTY, TEXAS |
| W. GARRY WALDROP, DDS, INC. d/b/a LIFETIME DENTAL CARE | § § § | 151ST JUDICIAL DISTRICT |

## NOTICE OF APPEAL

Pursuant to Texas Rules of Appellate Procedure 25.1 and 26.1(c), W. Garry Waldrop, DDS, Inc. d/b/a Lifetime Dental Care ("Defendant" or "Appellant") files this notice of appeal to the First or Fourteenth Court of Appeals. Defendant desires to appeal from the judgment rendered against it by this court on July 1, 2015.

Appellant is a party affected by the trial court's judgment. Appellant did not participate, either in person or through counsel, in the hearing resulting in the judgment complained of. In addition, Appellant did not timely file a postjudgment motion, a request for findings of fact and conclusions of law or a Rule 26.1(a) notice of appeal.

Respectfully submitted,

By: _/s/ Jennifer S. Wilson_

Jennifer S. Wilson
State Bar No. 21697500
3040 Post Oak Blvd., Suite 1300
Houston, Texas 77056
Telephone: (713) 212-2674 (Direct)
Telephone: (713) 552-1234 (Main)
Facsimile: (713) 212-2790 (Direct Facsimile)
jwilson@zimmerlaw.com

1

23

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2015, a copy of this Notice of Appeal has been served on counsel for Plaintiffs as follows:

Mr. Ned Gill, III
Gill, Revack, Samaan & Muller, LLP
6575 West Loop South, Suite 600
Bellaire, Texas 77401

*Via Certified Mail No. 9314 8699 0430 0016 2073 74*

    */s/ Jennifer S. Wilson*
Jennifer S. Wilson

24

9/1/2015 5:01:31 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6753110
By: WASHINGTON, PHYLLIS
Filed: 9/1/2015 5:01:31 PM

## Local Rule Notice of and Assignment of Related Case in Appeals
[sample; file as part of notice of appeal]

As required by the Local Rules Relating to Assignment of Related Cases to and Transfers of Related Cases between the First and Fourteenth Courts of Appeals, I certify that the following related appeal or original proceeding has been previously filed in either the First or Fourteenth Court of Appeals:

☑ None

☐ Caption: _____

Trial court
case number: _____

Appellate court
case number: _____


_____
[Signature of certifying attorney or pro se party]


September 1, 2015
_____
[Date]


**Note:** See Local Rules for the definitions of "underlying case," "related," and "previously filed."

25

Comment to 2002 change: Rule 29.5 is amended to acknowledge that a trial court may be prohibited by law from proceeding to trial during the pendency of an interlocutory appeal, as for example by section 51.014(b) of the Texas Civil Practice and Remedies Code.

Comment to 2008 change: Rule 29.5 is amended to be consistent with Section 51.014(b) of the Civil Practice and Remedies Code, as amended in 2003, staying all proceedings in the trial court pending resolution of interlocutory appeals of class certification orders, denials of summary judgments based on assertions of immunity by governmental officers or employees, and orders granting or denying a governmental unit's plea to the jurisdiction.

## Rule 30.  Restricted Appeals to Court of Appeals in Civil Cases

A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c). Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals.

### Notes and Comments

Comment to 1997 change: This is former Rule 45. The appeal by writ of error procedure is repealed.  A procedure for an appeal filed within 6 months — called a restricted appeal — is substituted.  This rule sets out who may take a restricted appeal. Rules 25.1 and 26.1 set out the method of perfection and the time for perfecting the appeal.

## Rule 31.  Appeals in Habeas Corpus, Bail, and Extradition Proceedings in Criminal Cases

### 31.1.  Filing the Record; Submission

When written notice of appeal from a judgment or order in a habeas corpus or bail proceeding is filed, the trial court clerk must prepare and certify the clerk's record and, if the appellant requests, the court reporter must prepare and certify a reporter's record. The clerk must send the clerk's record and the court reporter must send the reporter's record to the appellate court within 15 days after the notice of appeal is filed. On reasonable explanation, the appellate court may shorten or extend the time to file the record. When the appellate court receives the record, the court will — if it desires briefs — set the time for filing briefs, and will set the appeal for submission.

### 31.2.  Hearing

An appeal in a habeas corpus or bail proceeding will be heard at the earliest practicable time. The applicant need not personally appear, and the appeal will be heard and determined upon the law and the facts shown by the record. The appellate court will not review any incidental question that might have arisen on the hearing of the application before the trial court. The sole purpose of the appeal is to do substantial justice to the parties.

### 31.3.  Orders on Appeal

The appellate court will render whatever judgment and make whatever orders the law and the nature of the case require. The court may make an appropriate order relating to costs, whether allowing costs and fixing the amount, or allowing no costs.

### 31.4.  Stay of Mandate

(a)  *When Motion for Stay Required.* Despite Rule 18 or any other of these rules, in the following circumstances a party who in good faith intends to seek discretionary review must — within 15 days after the court of appeals renders judgment — file with the court of appeals clerk a motion for stay of mandate, to which is appended the party's petition for discretionary review showing reasons why the Court of Criminal Appeals should review the appellate court judgment:

(1)  when a court of appeals affirms the judgment of the trial court in an extradition matter and thereby sanctions a defendant's extradition; or

(2)  when a court of appeals reverses the trial court's judgment in a bail matter — including bail pending appeal under Code of Criminal Procedure article 44.04(g) — and thereby grants or reduces the amount of bail.

(b)  *Determination of the Motion.* The clerk must promptly submit the motion and appendix to the court of appeals, or to one or more judges as the court deems appropriate, for immediate consideration and determination.

(1)  If the motion for stay is granted, the clerk will file the petition for discretionary review and process the case in accordance with Rule 68.7.

(2)  If the motion is denied, the clerk will issue a mandate in accordance with the court of appeals' judgment.

Rule 34.5(c)(2). The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules.

(e) *Clerk's Duties*. The trial court clerk must note on the copies of the notice of appeal and the trial court's certification of the defendant's right of appeal the case number and the date when each was filed. The clerk must then immediately send one copy of each to the clerk of the appropriate court of appeals and, if the defendant is the appellant, one copy of each to the State's attorney.

(f) *Amending the Notice or Certification.* An amended notice of appeal or trial court's certification of the defendant's right of appeal correcting a defect or omission in an earlier filed notice or certification, including a defect in the notification of the defendant's appellate rights, may be filed in the appellate court in accordance with Rule 37.1, or at any time before the appealing party's brief is filed if the court of appeals has not used Rule 37.1. The amended notice or certification is subject to being struck for cause on the motion of any party affected by the amended notice or certification. After the appealing party's brief is filed, the notice or certification may be amended only on leave of the appellate court and on such terms as the court may prescribe.

(g) *Effect of Appeal*. Once the record has been filed in the appellate court, all further proceedings in the trial court - except as provided otherwise by law or by these rules - will be suspended until the trial court receives the appellate-court mandate.

*(h)*     (h) *Advice of Right of Appeal.* When a court enters a judgment or other appealable order and the defendant has a right of appeal, the court (orally or in writing) shall advise the defendant of his right of appeal and of the requirements for timely filing a sufficient notice of appeal.

#### Notes and Comments

Comment on 1997 change: This is former Rule 40. In civil cases, the requirement of an appeal bond is repealed. Appeal is perfected by filing a notice of appeal. A notice must be filed by any party seeking to alter the trial court's judgment. The restricted appeal — formerly the appeal by writ of error — is perfected by filing a notice of appeal in the trial court as in other appeals. The contents of the notice of appeal is prescribed. The notice of limitation of appeal is repealed. In criminal cases, the rule is amended to apply to notices by the State, and to refer to additional statutory requirements for the State's notice. In felony cases in which the defendant waived trial by jury, pleaded guilty

or nolo contendere, and received a punishment that did not exceed what the defendant agreed to in a plea bargain, the rule is amended to make clear that regardless of when the alleged error occurred, an appeal must be based on a jurisdictional defect or a written motion ruled on before trial, or be with the permission of the trial court.

Comment to 2002 change: Rule 25.2, for criminal cases, is amended. Subdivision 25.2(a) states the parties' rights of appeal that are established by Code of Criminal Procedure article 44.01 and by article 44.02, the proviso of which was repealed when rulemaking power was given to the Court of Criminal Appeals. Subdivision 25.2(b) is given the requirement that a notice of appeal be in "sufficient" form, which codifies the decisional law. The requirement in former subdivision 25.2(b)(3) that a plea-bargaining appellant's notice of appeal specify the right of appeal is replaced by a requirement in subdivision 25.2(d) that the trial court certify the defendant's right of appeal in every case in which a judgment or other appealable order is entered. The certificate should be signed at the time the judgment or other appealable order is pronounced. The form of certification of the defendant's right of appeal is provided in an appendix to these rules. If the record does not include the trial court's certification that the defendant has the right of appeal, the appeal must be dismissed. If a sufficient notice of appeal or certification is not filed after the appellate court deals with the defect (see Rules 34.5(c) and 37.1), preparation of an appellate record and representation by an appointed attorney may cease.

### Rule 26. Time to Perfect Appeal

#### 26.1. Civil Cases

The notice of appeal must be filed within 30 days after the judgment is signed, except as follows:

(a) the notice of appeal must be filed within 90 days after the judgment is signed if any party timely files:

(1) a motion for new trial;

(2) a motion to modify the judgment;

(3) a motion to reinstate under Texas Rule of Civil Procedure 165a; or

(4) a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court;

(b) in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed;

(c) in a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed; and

(d) if any party timely files a notice of appeal, another party may file a notice of appeal within the applicable period stated above or 14 days after the first filed notice of appeal, whichever is later.

## 26.2. Criminal Cases

(a) *By the Defendant*. The notice of appeal must be filed:

   (1) within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or

   (2) within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.

(b) *By the State*. The notice of appeal must be filed within 20 days after the day the trial court enters the order, ruling, or sentence to be appealed.

## 26.3. Extension of Time

The appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party:

(a) files in the trial court the notice of appeal; and

(b) files in the appellate court a motion complying with Rule 10.5(b).

### Notes and Comments

Comment to 1997 change: This is former Rule 41. All times for perfecting appeal in civil cases — including the time for perfecting a restricted appeal — are stated. An extension of time is available for all appeals. The provisions of former Rule 41(c) regarding prematurely filed documents are moved to Rule 27. Nonsubstantive changes are made in the rule for criminal cases.

## Rule 27.  Premature Filings

### 27.1. Prematurely Filed Notice of Appeal

(a) *Civil Cases*. In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal.

(b) *Criminal Cases*. In a criminal case, a prematurely filed notice of appeal is effective and deemed filed on the same day, but after, sentence is imposed or suspended in open court, or the appealable order is signed by the trial court. But a notice of appeal is not effective if filed before the trial court makes a finding of guilt or receives a jury verdict.

### 27.2. Other Premature Actions

The appellate court may treat actions taken before an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed. The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

### 27.3. If Appealed Order Modified or Vacated

After an order or judgment in a civil case has been appealed, if the trial court modifies the order or judgment, or if the trial court vacates the order or judgment and replaces it with another appealable order or judgment, the appellate court must treat the appeal as from the subsequent order or judgment and may treat actions relating to the appeal of the first order or judgment as relating to the appeal of the subsequent order or judgment. The subsequent order or judgment and actions relating to it may be included in the original or supplemental record. Any party may nonetheless appeal from the subsequent order or judgment.

### Notes and Comments

Comment to 1997 change:  This rule is new and combines the provisions of former Rules 41(c) and 58.

## Rule 28.  Accelerated Appeals in Civil Cases

### 28.1. Accelerated Appeals

(a) *Types of Accelerated Appeals*.  Appeals from interlocutory orders (when allowed as of right by statute), appeals in quo warranto proceedings, appeals required by statute to be accelerated or expedited, and appeals required by law to be filed or perfected within less than 30 days after the date of the order or judgment being appealed are accelerated appeals.

(b) *Perfection of Accelerated Appeal*. Unless otherwise provided by statute, an accelerated appeal is perfected by filing a notice of appeal in compliance with Rule 25.1 within the time allowed by Rule